24 N.J. Super. 43 (1952)
93 A.2d 626
DANIEL BERGSMA, STATE COMMISSIONER OF HEALTH AND STATE DEPARTMENT OF HEALTH, PLAINTIFFS-RESPONDENTS,
v.
TOWN OF KEARNY, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 29, 1952.
Decided December 17, 1952.
*44 Before Judges FREUND, STANTON and CONLON.
Mr. Robert J. McCurrie argued the cause for the defendant-appellant.
Mr. Robert Carey, Jr., argued the cause for the plaintiffs-respondents (Mr. Theodore D. Parsons, Attorney-General of New Jersey, attorney; Mr. Robert Peacock, Deputy Attorney-General, of counsel).
FREUND, J.S.C. (temporarily assigned).
The Town of Kearny appeals from an order of the State Commissioner of Health, Daniel Bergsma, embodied in a letter dated January 21, 1952. The letter addressed to the Mayor and Council of Kearny states, inter alia:
"Take Notice, that in conformity with the applicable provisions of R.S. 58:12, the State Department of Health of the State of New Jersey hereby ORDERS that the Town of Kearny, in the County of Hudson and State of New Jersey, must and shall, prior to March 1, *45 1952, submit to the said State Department of Health a specific and satisfactory program for making improvements to its sewage treatment plant and sewage collecting facilities and must and shall, prior to May 1, 1952, cease the discharge of improperly, insufficiently and inadequately treated domestic sewage or other polluting matter into the waters of the Hackensack River or its tributaries and make such disposition of its domestic sewage or other polluting matter as shall be approved by the State Department of Health of the State of New Jersey."
The appellant, by its attorney, acknowledged receipt of the letter, stating: "In view of the fact that your order was arrived at without a hearing at which the Town of Kearny could examine the evidence, interrogate witnesses and present evidence of its own, I respectfully request that you set aside your order and grant the Town a hearing. * * *" The respondent replied, "* * * the order against the Town of Kearny will not be revoked, it stands on law. If, however, the Town requests a hearing upon the order such request will be granted." In reply the appellant interpreted that letter "as a denial of my application for a rehearing on the merits and for a finding of facts."
The appellant argues that: (1) the order was improper because it was issued without affording an opportunity to be heard and failed to make a finding of facts, and (2) the time for performance set by the Department renders the order arbitrary, unreasonable and impossible to perform.
The pertinent provisions of the statute, R.S. 58:12-2, under which the department acted, are as follows:
"The State Department of Health * * * shall investigate the various methods of sewage disposal in order that it may be able to make proper recommendations in regard thereto, shall require alterations, additions or improvements to sewage treatment works, * * *.
If the department finds that any of said waters are being polluted in such manner as to cause or threaten injury to any of the inhabitants of this State either in their health, comfort or property, or that any sewage treatment works are inadequate in capacity or unit design to properly care for, treat and dispose of sewage before an effluent from such works is discharged into any of said waters, it shall notify in writing any person, corporation or municipality found to be polluting said waters * * * that prior to a time to be fixed *46 by the department, which time shall not be later than five years from the date of the notice, the person, corporation or municipality polluting said waters must cease such polluting and make such disposition of its sewage and other polluting matter as shall be approved by the department, * * *.
Any person, corporation or municipality aggrieved by the finding of the department may appeal therefrom to the Court of Chancery at any time within three months after being notified thereof, and said court may hear and determine such appeal in a summary manner according to the course and practice of the court in other cases, and thereupon may affirm the finding of the department or reverse or modify the finding in whole or in part as the court shall deem just and reasonable."
The appellant's sewer system was constructed in 1924 before the department's adoption in 1936 of what is termed its "treatment policy for the Hackensack River." From the record, it appears that as far back as 1945 the town authorized a survey of the sewerage system with a view to improving the same. Subsequently, an application was made and permit granted for the construction of a new plant. There appears to have been much correspondence between the town and the department, but without any constructive action by the town. The department, on February 27, 1951, called attention to the tolerance it had exhibited and asked for a specific construction program. The town thereupon requested a six months' extension of the building permit, which under date of March 19, 1951 was granted by the department, but with the suggestion that a contract be awarded by June 15, 1951 and the project completed by June 1, 1953. The order appealed from, dated January 21, 1952, refers to the previous extension of time, and the town's failure to adopt a specific construction program.
The appellant charges that the department's order of January 21, 1952 was made without a hearing and without a finding of facts. It argues that it should have an opportunity to interrogate the department's witnesses and to present evidence in its own defense. Further, the appellant contends that it would be manifestly impossible to complete a construction program which may involve as much as $2,000,000 *47 within the three months' period of time allotted by the department's order.
It is obvious from the correspondence that there has here been a lack of cooperation. The appellant seems to have deliberately pursued a policy of delay, with a view to postponing the evil day when it would be forced to meet the cost of making improvements to its sewerage treatment plant and sewage collecting facilities. On the other hand, it would appear that had the parties cooperated at the time, no such arbitrary time limit would have been set and the appellant would have been afforded a hearing by the department.
Adjudications by administrative agencies, as contrasted to the promulgation of regulations, and the record upon which such adjudications should come up for review by appellate courts, were the subject of comment by Judge (now Justice) Jacobs in Family Finance Corp. v. Gough, 10 N.J. Super. 13 (App. Div. 1950). The court said:
"It is clear that where the governing statute contains express or implied requirement for such findings they must be present to sustain the administrative agency's order. * * * The problem is more troublesome where legislative requirement is absent. * * * It is generally recognized that in such situation no findings are necessary to support rules and regulations which are deemed legislative in nature. * * * However, when dealing with administrative action which affects a named party and is adjudicatory in nature * * * there is authority which expresses, in comprehensive language, the view that it must be accompanied by basic findings of fact sufficient to support it. * * * In New Jersey review of final action or decision by a state administrative agency is available in the Appellate Division and the pertinent court rules contemplate that, insofar as practicable, the review should be on a complete record before the agency. * * * While we recognize that care ought be taken to avoid retarding the administrative process with its acknowledged advantages by the imposition of rigidly formal procedures, we doubt that a general requirement that findings accompany an adjudicatory order affecting a named party will have any disquieting or other than helpful effects."
The pertinent statute, R.S. 58:12-2, does not expressly require a hearing before the State Department of Health. However, it appears from the correspondence between the parties *48 that a hearing would have been granted to the appellant if requested. As the matter now stands, the record before us is barren of everything except the disputed order and some correspondence, and assuredly does not contain sufficient factual data for us to determine whether the respondent's conclusions are predicated upon facts or speculation. A finding of facts is far from a mere technicality; on appeal, it becomes a matter of substance that the appellate court know the basis of the administrative action. Such determinations affect rights and property. Additionally, the instant matter is of interest to the public in that it involves the expenditure of public funds in substantial amount.
Concededly, the statute here does not expressly require a hearing. Whether or not in this instance such a requirement arises by implication from the legislative expression, fair play dictates that an adjudication involving the interest of the public and such substantial expenditures of its moneys be grounded in reasoned conclusions. Pennsylvania R.R. Co. v. N.J. State Aviation Comm., 2 N.J. 64, 70, (1949); Handlon v. Town of Belleville, 4 N.J. 99 (1950); N.J. Bell Tel. Co. v. Communications Workers, &c., 5 N.J. 354, 375 (1950); Family Finance Corp. v. Gough, supra.
In view of the fact that the respondent is willing to grant a hearing, it is our opinion that in all fairness to the parties, as well as to the courts, one should be had, and accordingly the cause is remanded to the Department of Health for such purpose; its future action should be supported by appropriate findings of basic facts.