[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE THE VERDICT
Following the granting of a Summary Judgment in favor of the plaintiff on the issue of liability, the above entitled matter was tried to a jury to assess damages for personal injuries arising out of an automobile accident occurring on December 18, 1992. The jury returned a verdict in favor of the plaintiff in CT Page 3688 the amount of $89,040.00 dollars damages composed of: $9,000.00 for past medical bills; $40,000.00 for future medical bills, and noneconomic damages in the amount of $40,000.00. The Defendants have now moved to Set Aside the Verdict asserting, as their sole ground, that there was insufficient evidence to justify an award for future medical bills. As a result of the accident, the plaintiff claimed to have sustained various injuries including injuries to the neck which continued to bother him at the time of trial and which resulted in a curtailment of his activities.
In June of 1993, approximately a year and a half after the accident, Dr. Siegel, the plaintiff's Neurologist, found residual spasm and assessed a seven and a half permanent disability of the cervicdorsal spine. At that time, Dr. Siegel noted that the plaintiff was predisposed toward flare ups in the future which may require additional evaluation or treatment. Dr. Luchim, an orthopedic surgeon who conducted a medical examination on behalf of the defendants, found that the plaintiff had a five percent impairment of the function of the cervical spine and also stated that the plaintiff may benefit from intermittent periods of chiropractic therapy when the plaintiff's neck is symptamatic. Dr. Luchini also noted that the plaintiff had a flare up of his condition in 1995 for which the plaintiff received medical treatment.
Dr. Zygelman, a chiropractor, testified as to the treatment he provided to the plaintiff from shortly after the accident until mid 1993. Dr. Zygelman also treated the plaintiff when the plaintiff had a flare up of his condition in February of 1995 which caused problems comparable to the pain immediately after the accident. With respect to the flare up, Dr. Zygelman treated the plaintiff until August of 1995.
Dr. Zygelman testified that the plaintiff's conditions were permanent and that the plaintiff would experience flare ups in to future and that he was prone to such flare ups. Dr. Zygelman also testified that the treatment that the plaintiff would have in the future would be similar to the treatment provided in 1995 and that the 1995 flare up was a typical example of the flare ups that the plaintiff could expect in the future.
"(T)he cost and frequency of past medical treatment . . . may be used as a yard stick for future expenses if it can be inferred that the plaintiff will continue to seek the same form of treatment in the future. . . . It is not speculation or CT Page 3689 conjecture to calculate future medical expenses based upon the history of medical expenses that have occurred as of the trial date, particularly when there is also a degree of medical certainty that future medical expenses will be necessary. . . . Future medical expenses do not require the same degree of certainty as past medical expenses. . . . Where the doctor testifies that the injured party might need future treatment and the injured party testifies that he still suffers pain, that testimony is sufficient for consideration for the element of future expense." Seymour v. Garcia, 221 Conn. 473, 478-479 (1992) (internal quotation marks and citations omitted); Marchetti v.Ramirez, 40 Conn. App. 740, 745-746 (1996).
In the present case, the plaintiff produced evidence sufficient for the jury to find that he sustained a permanent injury as a result of the accident and was still experiencing the effects of those injuries including curtailment of activities; that the plaintiff would experience flare ups in the future and that such flare ups would likely result in additional medical treatment; that the 1995 flare up was typical as to its effects upon the plaintiff and as to the nature and cost of the treatment. In view of the plaintiff's life expectancy of 43.8 years and the cost of the 1995 treatment, the court cannot say that there was insufficient evidence upon which the jury might base an award of $40,000. for future medical bills. While the defendants claim that the jury needs some direct evidence in terms of the frequency of the anticipated future medical treatment, the Seymour and Marchetti cases, supra, which the court is compelled to follow, do not require such direct evidence.
Accordingly, the Motion to Set Aside the Verdict on the grounds that there was insufficient evidence for the jury to award future medical bills is denied.
The plaintiff also filed, within eighteen months of the filing of the complaint, an offer of Judgment the amount of $35,000. which was not accepted by the defendants. The parties have agreed that there is a collateral resource reduction in the amount of $5,901.00 from the verdict and therefore the plaintiff has recovered the sum of $83,139. which exceeds the offer of Judgment. The plaintiff is therefore entitled to interest, pursuant to General Statutes § 52-192a, in the amount of twelve percent from the date of the filing of the complaint. Accordingly, the plaintiff is entitled to interest at the rate of CT Page 3690 twelve percent from the date of the filing of the complaint, May 16, 1994, to the date of the Judgment in the amount of $19,367.94 and accordingly Judgment may enter in favor of the plaintiff in the amount of $102,506.94. In addition thereto, the Court awards the sum of $350.00 as attorney's fees pursuant to General Statutes § 52-192a in addition to the taxable costs filed by the plaintiff to which the parties are in agreement.
RUSH, J.