# WILLIAM A. MARCHETTI *v.* JOHNNY RAMIREZ ET AL.
## (15417)

Borden, Berdon, Katz, Palmer and Peters, Js.

Argued December 5, 1996—officially released February 18, 1997

*David Thomas Ryan*, with whom was *Bradford S. Babbitt*, for the appellants (defendants).

*Dante R. Gallucci*, with whom was *Charles L. DeSiena*, for the appellee (plaintiff).

PALMER, J. In this certified appeal, we must decide whether the Appellate Court: (1) applied the proper legal test regarding the standard of proof necessary to support an award of future medical expenses in a tort action; and (2) properly affirmed the judgment of the trial court awarding future medical expenses. The plaintiff, William A. Marchetti, commenced this action seeking damages for injuries he had suffered when he was struck by a truck operated by the named defendant, Johnny Ramirez, and owned by the defendant A.P.A. Truck Leasing Company. After the trial court granted the plaintiff's motion for summary judgment on the issue of liability, the issue of damages was tried to a jury, which returned a verdict in favor of the plaintiff in the amount of $1,015,142. The defendants filed a motion to set aside the verdict claiming, inter alia, that the jury had awarded damages for future medical expenses without proof that there was a reasonable probability that the plaintiff would incur such expenses. The trial court denied the motion and rendered judgment for the plaintiff in accordance with the verdict. The defendants appealed to the Appellate Court, which affirmed the judgment of the trial court. *Marchetti* v. *Ramirez*, 40 Conn. App. 740, 673 A.2d 567 (1996). We granted certification,[1] and now affirm the judgment of the Appellate Court.

---

[1] We granted certification limited to the following two issues: (1) "What is the proper legal standard by which to evaluate expert medical testimony in support of an award for future medical expenses?" and (2) "Applying that standard, should the judgment of the Appellate Court upholding the jury verdict be affirmed?" *Marchetti* v. *Ramirez*, 237 Conn. 914, 675 A.2d 884 (1996).

The relevant facts and testimony may be summarized briefly as follows. On August 7, 1987, the plaintiff, a mechanic and truck driver employed by Monaco Excavating, Inc. (Monaco),[2] was operating a dump truck in the course of his employment. While stopped in traffic, the plaintiff's vehicle was struck from behind by a refrigerated box truck driven by Ramirez and owned by A.P.A. Truck Leasing Company. The impact caused the plaintiff to strike the front and rear windows and dashboard of his truck, resulting in injuries to his head, shoulders and knees. The parties stipulated that the accident was due to a failure of the brakes on the truck driven by Ramirez, and the trial court, *Freedman, J.*, granted the plaintiff's motion for summary judgment on the issue of liability.

Initially, the plaintiff was treated by Alexander Isgut, his family physician. Isgut referred the plaintiff to Walter Shanley, an orthopedic surgeon, who treated the plaintiff for neck and back injuries and prescribed a regimen of physical therapy.

The plaintiff was unable to return to his job until October, 1987, at which time he was restricted to light duty work. Because Monaco had no light duty work available, the plaintiff accepted a job with a construction company at a reduced hourly rate. Although the plaintiff eventually obtained employment as a union truck driver, his condition deteriorated to the point that Shanley directed him to cease all work in December, 1990.

In March, 1991, tests revealed that the plaintiff was suffering from a herniated disc. Several months later, Shanley and Lawrence Guido, a neurosurgeon, performed a cervical disc removal and fusion on the plaintiff. Thereafter, Shanley referred the plaintiff to Eric

---

[2] Monaco was an intervening plaintiff at trial with a workers' compensation reimbursement claim and is not involved in this appeal.

Garver, an orthopedic surgeon, who treated the plaintiff up to the time of trial. After his back surgery, the plaintiff was unable to resume employment until September, 1993, when he was hired by Breza Builders to perform light duty construction work. At the time of trial, the plaintiff was employed by Breza Builders on a part-time basis.

During the jury trial on damages, Shanley testified that the plaintiff suffered from a 25 percent permanent disability of the cervical spine and a 15 percent permanent disability of the lumbar spine. Shanley further indicated that the plaintiff might require future medical treatment for his injuries. In his deposition, Guido testified that the plaintiff had a 25 percent permanent disability of the cervical spine, and that the plaintiff would be unable to resume his occupation as a truck driver. Garver testified that the plaintiff's injuries were permanent and had caused a 30 percent disability of the cervical spine and a 10 percent disability of the lumbar spine. Garver also opined that it is likely that the plaintiff will incur future medical expenses for his injuries. The plaintiff testified that his injuries continue to cause him pain and difficulty while sleeping, moving, and performing ordinary daily activities. At the time of trial, the plaintiff was forty-seven years old, his further life expectancy was 28.9 years, and his accident related medical bills totaled $47,037.92.

At the conclusion of the trial, the jury returned a general verdict in favor of the plaintiff in the amount of $1,015,142, which included economic damages of $667,662 and noneconomic damages of $347,480. The defendants filed motions to set aside the verdict and for remittitur, which the trial court denied. The trial court, *Pittman, J.*, added prejudgment interest and attorney's fees[3] to the jury award and rendered judg-

---

[3] See General Statutes § 52-192a.

ment in favor of the plaintiff in the amount of $1,272,142.33.

In the Appellate Court, the defendants challenged the trial court's denial of the motion to set aside the verdict, claiming, inter alia, that the jury had awarded damages for future medical expenses without proof that it was reasonably probable that the plaintiff would incur such expenses.[4] The Appellate Court, relying on dictum from *Seymour* v. *Carcia*, 221 Conn. 473, 604 A.2d 1304 (1992),[5] rejected the defendants' claim, concluding that "[h]ere, there was testimony that the plaintiff might incur future medical expenses, and the plaintiff testified that he still suffers pain. Therefore, the jury could properly award future medical damages."[6] *Marchetti* v. *Ramirez*, supra, 40 Conn. App. 746.

On appeal to this court, the defendants challenge the propriety of the Appellate Court's reliance on our dictum in *Seymour* v. *Carcia*, supra, 221 Conn. 479. Specifically, they claim that an award of damages for

---

[4] The defendants also claimed that the trial court's failure to set aside the verdict was improper because: "[1] the jury awarded damages for injuries not alleged in the complaint, [2] the plaintiff injected the existence of insurance into the case, so tainting the jury as to require a mistrial to be declared, and [3] the jury made an award that was unsupported by the evidence and far in excess of the damages requested by the plaintiff." *Marchetti* v. *Ramirez*, supra, 40 Conn. App. 742. These claims, however, are not the subject of this certified appeal.

[5] In *Seymour* v. *Carcia*, supra, 221 Conn. 479, we stated that future medical expenses may be awarded if "the doctor testifies that the injured party *might* need future treatment and the injured party testifies he still suffers pain . . . ." (Emphasis added; internal quotation marks omitted.) This statement is dictum because the treating physician in *Seymour* testified that "based on the plaintiff's past medical history and the permanency of her injuries . . . he had '*no doubt*' that she *would require* medical care in the future." (Emphasis added.) Id., 476.

[6] The Appellate Court also rejected the defendants' claim on the alternate ground that it would be inappropriate to set aside the verdict because the jury returned a general verdict from which it cannot be determined whether the plaintiff received *any* damages for future medical expenses. *Marchetti* v. *Ramirez*, supra, 40 Conn. App. 746.

future medical expenses must be supported by proof that there is a reasonable probability that the plaintiff will incur such expenses, and that the *Seymour* dictum is inconsistent with that standard.[7] The defendants further argue that if the Appellate Court had applied the proper standard, it would have reversed the judgment of the trial court. We agree that our dictum in *Seymour* is inconsistent with the proper standard insofar as it suggests that an award of damages for future medical expenses may be supported by nothing more than a showing that the injured party *might* incur such expenses. Because the plaintiff adduced sufficient evidence to satisfy the proper standard, however, we nevertheless conclude that the Appellate Court properly affirmed the judgment of the trial court.[8]

It is well established that "[i]n assessing damages in a tort action, a trier is not concerned with possibilities but with reasonable probabilities." *Sheiman* v. *Sheiman*, 143 Conn. 222, 225, 121 A.2d 285 (1956). Consequently, as we stated in *Jerz* v. *Humphrey*, 160 Conn. 219, 224, 276 A.2d 884 (1971), "as to future medical expenses, the jury's determination must be based upon an estimate of reasonable probabilities, not possibilities." Indeed, we expressly reaffirmed this principle in *Seymour* v. *Carcia*, supra, 221 Conn. 481. The obvious purpose of this requirement is to prevent the jury from awarding damages for future medical expenses based merely on speculation or conjecture. Because, however,

[7] The trial court instructed the jury that it could award the plaintiff damages for future medical expenses only upon proof that it was "reasonably probable" that the plaintiff would incur such expenses. No party objected to the trial court's instructions, nor has any party challenged them on appeal.

[8] The plaintiff claims that we should affirm the judgment of the Appellate Court on the alternate ground that the general verdict returned by the jury does not indicate whether any of the $667,662 it awarded in economic damages was for future medical expenses. See footnote 6. In light of our resolution of the certified issue, we need not reach the plaintiff's alternate ground for affirmance.

"[f]uture medical expenses do not require the same degree of certainty as past medical expenses"; id., 479; "[i]t is not speculation or conjecture to calculate future medical expenses based upon the history of medical expenses that have accrued as of the trial date . . . *when there is also a degree of medical certainty that future medical expenses will be necessary.*" (Emphasis added; internal quotation marks omitted.) Id., 478–79.

Contrary to our dictum in *Seymour* v. *Garcia*, supra, 221 Conn. 479, we are not persuaded that testimony by a medical expert that the plaintiff *might* need future treatment, coupled with the plaintiff's assertion that he still suffers pain, necessarily removes the issue of future medical expenses from the realm of conjecture. In such circumstances, the jury still must speculate as to the likelihood that future medical expenses will be incurred. Accordingly, we reject the assertion in *Seymour* that such evidence " 'is sufficient for consideration of the element of future medical expense.' "[9] Id.

The plaintiff argues, however, that the evidence he adduced was sufficient to satisfy the proper standard and, therefore, that the trial court properly denied the defendants' motion to set aside the verdict. We agree. Garver, the plaintiff's treating physician at the time of trial, expressed the opinion that the plaintiff will require future medical treatment for his injuries.[10] Although

---

[9] The plaintiff did not claim at trial, nor does he claim on appeal, that he was entitled to damages for future medical expenses simply because his injuries exposed him to a *quantifiable risk* of future medical expenses. Cf. *Petriello* v. *Kalman*, 215 Conn. 377, 397–98, 576 A.2d 474 (1990) (where physician's negligence was substantial factor in causing plaintiff to suffer abdominal adhesions resulting in 8 to 16 percent chance of future bowel obstruction, plaintiff was entitled to compensation for increased risk of such obstruction). The plaintiff claims, instead, that the evidence established a *reasonable probability* that he will incur such expenses in the future.

[10] Garver testified that he had last seen the plaintiff on April 7, 1994, approximately two months prior to the commencement of trial. Garver further testified in relevant part as follows:

"[The Plaintiff's Counsel]: Is the plaintiff still under your care and treatment for this situation?

Garver also stated that he could not predict the cost of such treatment, the evidence established that the plaintiff had received medical treatment for his injuries on a regular basis since the date of the accident, that he had a future life expectancy of 28.9 years, and that the total cost of the treatment as of the date of trial was $47,037.92. "Damages for the future consequences of an injury can never be forecast with certainty. With respect to awards for permanent injuries, actuarial tables of average life expectancy are commonly used to assist the trier in measuring the loss a plaintiff is likely to sustain from the future effects of an injury." (Internal quotation marks omitted.) *Seymour* v. *Carcia*, supra, 221 Conn. 478. Moreover, "[t]he cost and frequency of past medical treatment . . . may be used as a 'yardstick for future expenses' if it can be inferred that the plaintiff will continue to seek the same form of treatment in the future. 2 M. Minzer, J. Nates, C. Kimball, D. Axelrod & R. Goldstein, Damages in Tort Actions § 9.55 [4], p. 9-80." (Internal quotation marks omitted.) Id.

"In considering a motion to set aside the verdict, the court must determine whether the evidence, viewed in the light most favorable to the prevailing party, reasonably supports the jury's verdict. . . . The trial court's refusal to set aside the verdict or to order an additur

---

"[Garver]: He's not under my immediate care in that I am rendering treatment to him at this moment, but his condition I would consider to be an ongoing condition that would require continuing evaluation and treatment in the future pretty much on an as-needed basis.

\* \* \*

"Q. Now, doctor, at the time of the plaintiff's last visit, do you have an opinion, based upon . . . medical expertise, as to whether the medical condition which the plaintiff is suffering from will require reasonable, necessary and customary medical treatment and expenses in the future?

"A. Yes.

"Q. All right. And what is that opinion?

"A. I believe that it will."

is entitled to great weight and every reasonable presumption should be given in favor of its correctness. In reviewing the action of the trial court in denying the [motion] . . . to set aside the verdict, our primary concern is to determine whether the court abused its discretion and we decide only whether, on the evidence presented, the jury could fairly reach the verdict [it] did. The trial court's decision is significant because the trial judge has had the same opportunity as the jury to view the witnesses, to assess their credibility and to determine the weight that should be given to their evidence. Moreover, the trial judge can gauge the tenor of the trial, as we, on the written record, cannot, and can detect those factors, if any, that could improperly have influenced the jury. . . . If, on the evidence, the jury could reasonably have decided as [it] did, [the reviewing court] will not find error in the trial court's acceptance of the verdict . . . ." (Citations omitted; internal quotation marks omitted.) *Childs* v. *Bainer*, 235 Conn. 107, 112–13, 663 A.2d 398 (1995). In light of the evidence regarding the serious nature of the plaintiff's injury and the likelihood that he will require future medical treatment, we conclude that the jury reasonably could have awarded the plaintiff damages for future medical expenses. The trial court therefore properly denied the defendants' motion to set aside the verdict in favor of the plaintiff.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.