DONNA CALVI *v.* DIEGO R. AGRO ET AL.
(AC 19645)

Lavery, C. J., and Spear and Mihalakos, Js.

Argued June 1—officially released September 5, 2000

*Kathleen L. Nastri*, with whom, on the brief, was *David J. Vegliante*, for the appellant (plaintiff).

*Leo J. McManus*, for the appellee (defendant Metropolitan Property and Casualty Insurance Company).

*Opinion*

SPEAR, J. In this personal injury action, the plaintiff, Donna Calvi, appeals from the judgment of the trial court setting aside that portion of a jury verdict that awarded future medical expenses to her. She claims that the court improperly set aside the verdict on the ground that the evidence failed to support such an award. We affirm the judgment of the trial court.

The following facts are relevant to this appeal. The plaintiff commenced an action against the defendant Diego Agro, an uninsured motorist, alleging that she sustained injuries on May 27, 1995, when Agro's pickup truck struck her vehicle from behind. The court rendered a default judgment against Agro for his failure to appear at trial. The defendant Metropolitan Property and Casualty Insurance Company (Metropolitan), the plaintiff's insurer, stipulated to liability on the part of

Agro because of his status as an uninsured tortfeasor.[1] The case was tried to the jury on the issue of damages as against Metropolitan.

The jury heard testimony from the plaintiff's physician, Ronald S. Paret. Paret testified that the plaintiff sustained a 7 percent permanent partial disability to the cervical spine from her motor vehicle accident and that her symptoms will remain with her for the remainder of her life. Paret also stated that, in the absence of "catastrophic ligament failure," the plaintiff was not restricted in her activities and that she could perform strenuous activities such as shoveling six inches of snow from a driveway. Paret then gave the following testimony as to the expected consequences of performing such a task: "I would expect that a typical person who had a cervical injury of that or a similar amount would be able to shovel a driveway . . . and that they then have a couple, three days, a week, two weeks of more muscle spasm and occasionally they come back to me and they get more physical therapy and they take medication . . . ." Paret finally testified that it is difficult to determine precisely what activities would or would not aggravate a cervical condition in a patient.

The jury also heard testimony from the plaintiff that three years after her accident she still experiences pain that limits her activities. After the presentation of evidence, the jury returned a verdict in favor of the plaintiff in the amount of $3000 in noneconomic damages and of $200,365.73 in economic damages, $197,352 of which was for future medical expenses. Metropolitan filed a motion to set aside the verdict as to the award of future medical expenses only, and the court determined that "the award to the plaintiff for future economic damages

---

[1] Metropolitan provided uninsured motorist benefits in the amount of $100,000.

[was] without foundation in the evidence . . . ." The court then set aside the verdict and ordered a new trial. This appeal followed.

We first address our standard of review regarding the plaintiff's claims. "We review a trial court's decision to set aside a verdict by determining whether there has been an abuse of discretion. *State* v. *Ross*, 230 Conn. 183, 227–28, 646 A.2d 1318 (1994), cert. denied, 513 U.S. 1165, 115 S. Ct. 1133, 130 L. Ed. 2d 1095 (1995); see also *Hunt* v. *Prior*, 236 Conn. 421, 428 n.21, 673 A.2d 514 (1996); *A-G Foods, Inc.* v. *Pepperidge Farm, Inc.*, 216 Conn. 200, 206, 579 A.2d 69 (1990). Discretion means a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice. . . . It goes without saying that the term abuse of discretion . . . means that the ruling appears to have been made on untenable grounds. . . . In determining whether the trial court has abused its discretion, we must make every reasonable presumption in favor of the correctness of its action. . . . *Whalen* v. *Ives*, 37 Conn. App. 7, 21, 654 A.2d 798, cert. denied, 233 Conn. 905, 657 A.2d 645 (1995)." (Internal quotation marks omitted.) *Turk* v. *Silberstein*, 48 Conn. App. 223, 225–26, 709 A.2d 578 (1998).

The plaintiff claims that the court abused its discretion when it set aside the jury verdict because the evidence supported the award of future medical expenses. We disagree.

"[A]s to future medical expenses, the jury's determination must be based upon an estimate of reasonable probabilities, not possibilities. . . . The obvious purpose of this requirement is to prevent the jury from awarding damages for future medical expenses based merely on speculation or conjecture." (Citation omitted;

internal quotation marks omitted.) *Marchetti* v. *Ramirez*, 240 Conn. 49, 54, 688 A.2d 1325 (1997). The evidence at trial must be sufficient to support a reasonable likelihood "that future medical expenses will be necessary." Id., 55; see also *Paige* v. *St. Andrew's Roman Catholic Church Corp.*, 250 Conn. 14, 34, 734 A.2d 85 (1999).

In this case, there is no medical evidence supporting the conclusion that the plaintiff would likely require future medical treatment. The evidence presented regarding the plaintiff's condition at trial was in the form of testimony from both the plaintiff and Paret. The plaintiff testified that she still experiences pain from her condition. Paret testified that while the plaintiff would experience symptoms from her condition for the rest of her life, he could not say what activities would trigger those symptoms. He merely stated that he would expect that if a typical person with the plaintiff's condition performs a strenuous activity that triggers muscle spasms, that person may occasionally visit his office for therapy and medication.

Paret's testimony is equivalent to a statement that the plaintiff might require future medical treatment if she engages in strenuous activity that triggers her symptoms. In *Marchetti*, our Supreme Court held that it was "not persuaded that testimony by a medical expert that the plaintiff might need future treatment, coupled with the plaintiff's assertion that [she] still suffers pain, necessarily removes the issue of future medical expenses from the realm of conjecture. . . . [W]e reject the assertion . . . that such evidence is sufficient for consideration of the element of future medical expense." (Internal quotation marks omitted.) *Marchetti* v. *Ramirez*, supra, 240 Conn 55. Accordingly, we conclude that the medical evidence adduced at trial was insufficient to support the damages award as to future medical

expenses, and, therefore, the court properly granted Metropolitan's motion to set aside the verdict.

The judgment is affirmed.

In this opinion the other judges concurred.