[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#112)
The plaintiff, Michael Neeley filed a two count complaint (complaint) against the defendants, Land Rover Financial Services (Land Rover) and Miller Automobile Corp. (Miller) for breach of a lease agreement. The plaintiff's complaint sounds in breach of contract (count one) and a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. (count two).
Count one of the complaint alleges that Miller was an agent for Land Rover and that on November 19, 1999, the plaintiff leased a vehicle from Miller. The plaintiff, who lives in Pound Ridge, New York, alleges that he paid Miller $10,212.61 to cover the capitalized cost reduction, first monthly payment, license fees and sales tax and that he then took possession of the vehicle. The plaintiff further alleges that on April 11, 2000, Land Rover repossessed the vehicle claiming that the plaintiff defaulted on lease payments. The plaintiff, however, alleges that he paid all lease payments from November 1999 to the time of repossession in a timely manner. Plaintiff further alleges that Miller and Land Rover have not returned any of the monies he paid up front at the inception of the lease. Count two of the complaint realleges the allegations in count one and adds that these alleged actions amount to a CUTPA violation in that they were "immoral, unethical, oppressive and unscrupulous."
On December 7, 2001, the defendant Land Rover filed a motion to strike count two and its corresponding prayers for punitive damages[1] and attorney's fees on the ground that it states merely a breach of contract claim which cannot constitute a CUTPA violation as a matter of law. The defendant also filed a memorandum in support of its motion. In response, on January 11, 2002, the plaintiff filed an objection to the motion and a supporting memorandum.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270, CT Page 6628709 A.2d 558 (1998); Practice Book § 10-39. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Waters v. Autuori,236 Conn. 820, 825, 676 A.2d 357 (1996). "[T]he court must accept as true the facts alleged in the complaint." Pamela B. v. Ment, 244 Conn. 296,325, 709 A.2d 1089 (1998). However, a motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 57, 588, 693 A.2d 293 (1997). In addition, a party may use a motion to strike to attack the legal sufficiency of a prayer for relief. Practice Book § 10-39(a)(2). A court may strike a claim for relief "only if the relief sought could not be legally awarded." Pamela B. v. Ment, supra, 244 Conn. 325.
In this case, the defendant argues that count two of the plaintiff's complaint should be stricken because a mere breach of contract, standing alone, is an insufficient basis for a CUTPA claim. In response, the plaintiff argues that it has set forth a legally cognizable cause of action for a violation of CUTPA and that a breach of contract can be the basis of a CUTPA claim.
Preliminarily, the court notes that CUTPA "provides that [n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. It is well settled that in determining whether a practice violates CUTPA [the Connecticut Supreme Court] has adopted the criteria set out in the cigarette rule by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other business persons]. . . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." Willow Springs Condominium Assn., Inc. v. Seventh BRT DevelopmentCorp., 245 Conn. 1, 43, 717 A.2d 77b (1998).
In the absence of any Connecticut appellate opinion on point, almost, if not, all Superior Court decisions and one decision of the United States Court of Appeals for the Second Circuit, applying Connecticut law, have held that a simple breach of contract does not amount to a violation of CUTPA. See Boulevard Associates v. Sovereign Hotels, Inc., CT Page 662973 F.3d 1029, 1038-39 (2d Cir. 1995) (noting that "vast majority" of Connecticut courts "hold that a simple contract breach is not sufficient to establish a violation of CUTPA"); Derrig v. Thomas Regional DirectoryCo.; judicial district of Hartford CV98-0583548 (June 22, 1999, Peck, J.); Profitel, Inc. v. FKI Industries, Inc., judicial district of New Haven at New Haven, CV99-0427490, (Sept. 30, 1999, Alander, J.) (commenting that each of 51 superior court decisions reviewed held that a simple, albeit intentional, breach of contract was insufficient to demonstrate a CUTPA violation).
Examining count two in the light most favorable to the plaintiff, the court can find no allegations of aggravating circumstances or deceptive practices. The plaintiff merely alleges that the defendants erroneously repossessed his vehicle for lack of payment, and therefore breached the lease contact. The only different allegations in count two are that "the actions of the defendant constitute violations of the [CUTPA] in that said actions were immoral, unethical, oppressive and unscrupulous . . ." This is conclusory language without legal effect. Connecticut is a fact pleading state, and no facts are alleged to support the conclusions. Therefore, the allegations are an insufficient predicate upon which to base a CUTPA claim.
Accordingly, the defendant's motion to strike count two and its corresponding prayer for relief is hereby granted.
_________________ ADAMS, J