[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE (101.00)
The plaintiff Abatron has commenced an action seeking money damages from Reed Elsevier (Reed) in a complaint asserting two causes of action. The first count asserts a claim of breach of contract; the second count asserts that Reed's actions were a violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. (CUTPA)
The first count alleges that Abatron had a written contract with Reed for exhibition space, booth space number 40303, at an exposition to be held at the McCormick Place Complex in Chicago, Illinois from August 12 through 15, 2001. In reliance on the contract Abatron shipped its booth to Chicago only to find that booth space 40303 did not exist. Abatron further alleged:
 Said defendant, unilaterally and without the knowledge or consent of the plaintiff, changed the plaintiff's booth number to 14187 in a building other than that contracted for.
 The defendant, also unilaterally without the plaintiff's permission and after being paid in full for the entire exhibit, notified the plaintiff in April of 2001 that the days of the exposition contracted for were being reduced from four to three.
 The plaintiff refused to accept the reassignment of the booth by the defendant since same did not match the configuration of the exhibit shipped and further, the newly assigned booth location was in an inferior location in front of a toilet and had been changed from a peninsula location to an island location.
In the second count, alleging a violation and CUTPA, Abatron reiterated CT Page 1740 the above allegations and added that Reed's actions occurred in the conduct of its trade or business and were "unfair, oppressive, deceptive and unscrupulous.
Reed has now moved to strike the second count alleging a CUTPA violation on the ground that it states merely a breach of contract claim which cannot constitute a CUTPA violation as a matter of law. Reed also filed a memorandum in support of its motion. In response, Abatron filed an objection to the motion and a supporting memorandum to which Reed has replied.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270, CT Page 6628 709 A.2d 558 (1998); Practice Book § 10-39. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotations marks omitted.) Watersv. Autuori, 236 Conn. 820, 825, 676 A.2d 357 (1996). "[T]he court must accept as true the facts alleged in the complaint." Pamela B. v. Ment,244 Conn. 296, 325, 709 A.2d 1089 (1998). However, a motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.) Faulknerv. United Technologies Corp., 240 Conn. 57, 588, 693 A.2d 293 (1997). In addition, a party may use a motion to strike to attack the legal sufficiency of a prayer for relief. Practice Book § 10-39(a) (2). A court may strike a claim for relief "only if the relief sought could not be legally awarded." Pamela B. v. Ment, supra, 244 Conn. 325.
In this case, Reed argues that count two of the plaintiffs complaint should be stricken because a mere breach of contract, standing alone, is an insufficient basis for a CUTPA claim. In response, Abatron contends that it has set forth a legally cognizable cause of action for a violation of CUTPA and that a breach of contract can be the basis of a CUTPA claim.
Preliminarily, the court notes that CUTPA "provides that [n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. It is well settled that in determining whether a practice violates CUTPA [the Connecticut Supreme Court] has adopted the criteria set out in the cigarette rule by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been CT Page 1741 established by statutes, the common law, or otherwise — in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other business persons]. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice maybe unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." Willow Springs Condominium Assn., Inc. v. Seventh BRT DevelopmentCorp., 245 Conn. 1, 43, 717 A.2d 77b (1998).
In the absence of any Connecticut appellate opinion on point, almost if not, all Superior Court decisions and one decision of the United States Court of Appeals for the Second Circuit, applying Connecticut law, have held that a simple breach of contract does not amount to a violation of CUTPA. See Boulevard Associates v. Sovereign Hotels, Inc., 73 F.3d 1029,1038-39 (2d Cir. 1995) (noting that "vast majority" of Connecticut courts "hold that a simple contract breach is not sufficient to establish a violation of CUTPA"); Derrig v. Thomas Regional Directory Co. judicial district of Hartford CV98-0583548 (June 22, 1999, Peck, J.); Profitel,Inc. v. FKI Industries, Inc., judicial district of New Haven at New Haven CV99-0-427490, (Sept. 30, 1999, Alander, J.) (commenting that each of 51 superior court decisions reviewed held that a simple albeit intentional, breach of contract was insufficient to demonstrate a CUTPA violation).
Examining count two in the light most favorable to the plaintiff, the court can find no allegations of aggravating circumstances or deceptive practices. Abatron alleges that Reed did not provide what was promised by written contract. The circumstances were no doubt vexing to Arbatron. However, only allegations in count two different from count one are that "the actions of the defendant constitute violations of the [CUTPA] in that said actions were "unfair, oppressive, deceptive and unscrupulous. . . ." This is conclusory language without legal effect. Connecticut is a fact pleading state, and no facts are alleged to support the conclusions. Therefore, the allegations are an insufficient predicate upon which to base a CUTPA claim.
Accordingly, the defendant's motion to strike count two and its corresponding prayer for relief is hereby granted.
 _____________________ TAGGART D. ADAMS SUPERIOR COURT JUDGE
CT Page 1742