[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE (282.00)
The defendant Cornerstone Family Services, Inc. (Cornerstone) has moved to strike the fifth count of the Amended Complaint, dated April 4, 2002, in which the pro se plaintiff David Royce asserts a claim against Cornerstone pursuant to the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. (CUTPA).
The fifth count alleges:
 Cornerstone, motivated by a wish to intimidate plaintiff and prevent his prosecution of this action, filed suit against him claiming defamation, based solely on statements attempting to influence a forthcoming WCA board election. This S.L.A.P.P. suit violated C.U.T.P.A. by attacking a consumer's attempted protection of interests purchased from defendants.
Standard of Review
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Citation and internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates, 224 Conn. 269,270, 709 A.2d 558 (1998); Practice Book § 10-39. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Watersv. Autuori, 236 Conn. 820, 825, 676 A.2d 357 (1996). "[T]he court must accept as true the facts alleged in the complaint." Pamela B. v. Ment,244 Conn. 296, 325, 709 A.2d 1089 (1998). However, a motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.) Faulknerv. United Technologies Corp. , 240 Conn. 57, 558, 693 (1997). If facts provable in the complaint would support a cause of action, the motion to CT Page 2012 strike must be denied. Id. 580.
Discussion
Cornerstone contends that the allegations of the fifth count are insufficient to state a claim for relief as a matter of law. It claims that Royce has not alleged sufficient facts on which to base a CUTPA claim and that, since there is evidence to show that the defamation lawsuit commenced by Cornerstone against Royce is not a sham, it has a constitutionally protected right to prosecute the suit.
Resolution of this matter requires the court to consider what is known as the Noerr-Pennington doctrine which arises from three United States Supreme Court cases.[1] In essence, the doctrine, which was initially developed in the context of federal antitrust law and now applies in many contexts, shields individuals and groups from liability for petitioning a government agency for redress. Keller v. Consolini, 59 Conn. App. 545
(2000). The doctrine has limits in that it does not protect petitioning activity which is a sham or pretense, i.e. that which is intended to interfere with someone's rights, and has no reasonable expectation of success. Id. 552.
The Connecticut Appellate Court recently adopted the Noerr-Pennington
doctrine and its sham exception in the context of determining liability of parties filing appeals to the courts. Keller v. Consolini, supra. In that case the Appellate Court noted that the United States Court of Appeals for the Second Circuit, in Suburban Restoration Co. v. ACMAT,700 F.2d 98 (1983), had predicted that Connecticut courts would provideNoerr-Pennington protection to a single non-sham lawsuit and held that such a suit was not a violation of CUTPA. The Keller court stated it was fulfilling "the Second Circuit's prophecy." Keller v. Consolini, supra59 Conn. App. 554.
Even before, and certainly after Keller was decided by the Appellate Court, the law in Connecticut was quite clear that the filing of a single, non-sham lawsuit was not a basis for a CUTPA claim. Ancone v.Manafort Bros., Inc., 56 Conn. 701, 715, cert. denied 252 Conn. 954
(2000) (citing Suburban Restoration supra); Roncari Development Co. v.GMG Enterprises, Inc., 45 Conn. Sup. 408, 19 Conn.L.Rptr. 237 (1997); NewMilford Savings Bank v. Jajer, Superior Court, judicial district of Litchfield at Litchfield, CV92-0061073 (January 2, 2001, Frazzini, J.) (28 Conn.L.Rptr. 490).
In Professional Real Estate Investors, Inc. v. Columbia PicturesIndustries, Inc., 508 U.S. 49 (1993), the United States Supreme Court CT Page 2013 defined sham litigation as one which is objectively baseless in that no reasonable litigant could realistically expect success on the merits and which lawsuit conceals an effort to interfere improperly with the defendant's rights. Id. 60-61. This definition has been followed by Connecticut courts. See e.g. Zeller v. Consolini, supra; RoncariDevelopment Co. v. GMC Enterprises, Inc., supra.
Cornerstone contends that Royce's fifth count fails to state a viable claim because the evidence shows that its defamation suit is not baseless. That evidence includes several fruitless efforts by Royce to have the suit dismissed or stricken. The defamation suit, CornerstoneFamily Services, Inc., David Royce, Superior Court, Complex Litigation Docket X08 CV01-0184443, is presently before this court on the complex litigation docket, and Cornerstone argues that this court should take judicial notice of the denials of Royce's motions and find that the defamation case is not an objectively baseless litigation.[2] As tempting as this approach might be, it is not consistent with Connecticut law and procedures.
As stated above, a court, in ruling on a motion to strike, is limited to the facts alleged in the complaint. While a small handful of Superior Court decisions have determined it is appropriate in some circumstances to rule on a motion to strike based on judicially noticed facts, this court decides the better course of action is to decline that approach. See The Cadle Co. v. Gable, Superior Court, judicial district of Middlesex at Middletown, CV00-0091155 (July 31, 2001, Gilardi, J.); SandDollar Development Group v. Michael, Superior Court, judicial district of New Haven, SPNH 961048736 (February 18, 1997, Levin, J.) (19 Conn.L.Rptr. 453).
However, Cornerstone also contends that Royce's allegations alone do not state a cause of action because no where is it alleged that the defamation suit is objectively without merit or baseless. The allegations of the fifth count state that Cornerstone filed the suit with improper motives and that it was a classic S.L.A.P.P. suit [which the court understands is the acronym for strategic litigation against public participation, see Field v. Kearns, 43 Conn. App. 265, 275-76 (1996)]. These allegations are insufficient. The motivation of Cornerstone is not relevant unless the suit is objectively baseless, and calling the defamation case a S.L.A.P.P. suit is a conclusion or opinion without supporting factual allegations. Royce argues that the court should imply from the allegations that the defamation suit is baseless. While a court must draw all reasonable inferences in favor of the pleader, the inferences must be drawn from pleaded facts. The fifth count is bereft of any factual allegation that states or infers the defamation suit is CT Page 2014 without legal or factual merit. See New Milford Savings Bank v. Jajer,supra; compare Roncari Development Co. v. GMG Enterprises, Inc.,45 Conn. Sup. 408, 416, 19 Conn.L.Rptr. 237 (1997) (allegations that defendants commenced and participated in an appeal without a reasonable basis in fact and in law for the claim found sufficient to withstand a motion to strike). For the foregoing reasons, the fifth count of the amended complaint is stricken.
Taggart D. Adams, J.
Superior Court Judge