[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS OF DEFENDANTSAND PLAINTIFF AFTER JURY TRIAL
This was an action in three counts brought by plaintiff Howard I. Wertheim against Weinstein Mortuary, Inc., Herman Weinstein, and Michael Weinstein. A trial to the jury was held in November, 1997. During the trial and after plaintiff rested, the court, pursuant to Michael Weinstein's motion, dismissed the case as to him. The three counts against Weinstein Mortuary, Inc., and Herman Weinstein as set forth in the Amended Complaint were as follows: First Count, Intentional Infliction of Emotional Distress; Second Count, Negligent Infliction of Emotional Distress; Third Count, Unfair Trade Practices.
After hearing all the evidence, arguments of counsel, and the court's charge, the jury was presented with interrogatories to be answered, together with four jury verdict forms.
In the interrogatories the following questions were asked: CT Page 680
1. Has the plaintiff prevailed under Count One in his claim for intentional infliction of emotional distress?
________________ Yes
________________ No
 If the answer to question #1 is yes, fill out plaintiff's verdict form #1.
2. If the answer to question #1 is no, has the plaintiff prevailed under Count Two in his claim of negligent infliction of emotional distress?
________________ Yes
________________ No
 If the answer to question #2 is yes, fill out verdict form #2. If the answer is yes, do not answer question #3.
3. Has the plaintiff prevailed in his claim under Count Three that the defendants have violated the Connecticut Unfair Practices Act?
________________ Yes
________________ No
If the answer to question #3 is yes, fill out verdict form #3.
4. If the answer to questions 1, 2 and 3 is no, fill out a defendants' verdict form.
The jury answered "yes" to questions 1 and 3 and filled out two of plaintiff's jury verdict forms, one concerning Count One. Intentional Infliction of Emotional Distress, and the other concerning Count Three, violation of Connecticut Unfair Trade Practices Act.
Under Count One, the jury found the following damages:
1. Past and future economic damages (medical bills and related expenses) $ 20,000.00 CT Page 681
2. Past and future noneconomic damages (emotional suffering) $ 80,000.00
3. Total of 1 and 2 $100,000.00 ------------
4. Exemplary or punitive damages, if any,(1/3 of 1 through 3, plus costs in the amount of $1,142.04) $ 34,475.37 -----------
5. Total of 1 through 4 $134,475.37 -----------
Verdict (same as line 5) $134,475.37 ----------- Dollar Damages
Under Count Three, the jury found the following damages:
1. Past and future economic damages (medical bills and related expenses) $ 5,000.00 -----------
2. Past and future noneconomic damages (emotional suffering) $ 20,000.00 -----------
3. Total of 1 and 2 $ 25,000.00 -----------
 Verdict (same as line 3) $ 25,000.00 ----------- Dollar Damages
Thus the jury found damages under Count One in the amount of $134,475.37, and under Count Three in the amount of $25,000.00.
The court has received motions from the defendants as well as the plaintiff in regard to these verdicts. They are as follows:
DEFENDANTS' MOTIONS
Defendants have moved for a remittitur and motion to set aside the verdict for the following reasons: CT Page 682
First they claim there was insufficient evidence on which the jury could base a finding that plaintiff had proven all the elements of intentional infliction of emotional distress. The four elements of intentional infliction of emotional distress as charged to the jury are as follows:
 1. That the defendant intended to inflict emotional distress or that he knew or should have known that emotional distress was a likely result of his conduct;
2. The conduct was extreme and outrageous.
 3. The defendants conduct was the cause of plaintiff's distress;
 4. The emotional distress sustained by the plaintiff was severe.
The court finds that there was sufficient evidence from which the jury could infer that Herman Weinstein did in fact insist that a bill for plaintiffs father's funeral must be paid in order for Weinstein, as sexton, to authorize the opening of plaintiff s mother's grave. If the jury so found, then they also could have found that Weinstein should have known that emotional distress was a likely result of his conduct, that such conduct under the circumstances was extreme and outrageous, and that such conduct was the cause of plaintiffs severe distress.
Defendants further claim that the verdict on the first count for $20,000 for past and future economic damages was unsupported by the evidence. In this regard the plaintiff had two therapy sessions with a psychiatrist and submitted written documentation from the treating physician verifying the same. The plaintiff testified extensively about his pain and suffering, claiming that he experienced and continued to experience severe nightmares. He also presented evidence that he needs further psychiatric treatment but has not obtained it because he couldn't afford it. He claimed to have suffered from these nightmares continually from July 18, 1995 (the date when his mother died) and has continued to suffer extreme emotional distress ever since. His life expectancy is 16.3 years. "Future medical expenses do not require the same degree of certainty as past medical expenses." Where a doctor such as plaintiffs psychiatrist recommended future treatment, and plaintiff testified that he continues to suffer CT Page 683 pain, that testimony is sufficient for the jury to consider the element of future medical expense. Marchetti v. Ramirez,40 Conn. App. 740 (1996). The award of $20,000 for past and future psychiatric care, in light of plaintiff's suffering, does not appear to be so unreasonable as to be set aside.
Nor does the court find that the amount of $80,000 for past and future noneconomic damages is so excessive as to be set aside. Here again, the plaintiff presented evidence of his nightmares since the date of his mother's death in July of 1995.
In regard to the exemplary damages which were awarded by the jury under Count One, the court notes that in its charge to the jury it stated: "In order to recover them the plaintiff must prove more than an invasion of his rights; he must prove that the wrong done him arose from hatred or ill will towards him, or from malice, that is, from some improper or unjustifiable motive or intent; or that the defendant acted wantonly, that is was aware or should have been aware, from his knowledge of the circumstances, that his conduct would naturally or probably harm the plaintiff." The jury reasonably could have found that the wrong done the plaintiff arose from some improper or unjustifiable motive or intent.
In regard to Count One, the issue is not whether the trial court would have awarded more or less to the plaintiff it is whether the total amount of the verdict falls within the necessarily flexible limits of fair and reasonable compensation or is so large as to offend the sense of justice and compel a conclusion that the jury was influenced by partiality, prejudice or mistake. Buckman v. People Express, 205 Conn. 166 (1987). The court does not find that the award under Count One is so grossly excessive as to shock its sense of justice.
Defendant also seeks to set aside the verdict under Count Three, for a violation of CUTPA. As stated above, the jury awarded $5,000 for past and future economic damages and $20,000 for past and future noneconomic damages for a total of $25,000. Defendant claims that the third count should be set aside because of the inconsistent amounts of compensation in comparison to the first count. The court agrees that the damage awards overlap to the extent of the lesser verdict. The court finds that although the plaintiff was entitled to allege respective theories of liability in separate counts he is not entitled to recover twice for the same elements of damages such as mental distress and CT Page 684 pecuniary loss growing out of the same transaction, occurrence or event. Jonap v. Silver, 1 Conn. App. 550, 556 (1984).
Furthermore, even if the court were to find that the awards under Counts One and Three were not inconsistent, it would grant a remittitur as to the full amount of damages found under Count Three. Having heard all the evidence, the court finds the award under Count One to be very substantial. Thus, by adding an additional award of $25,000 under Count Three, the award in the court's opinion becomes excessive, unjust, and disproportionate to the loss sustained by the plaintiff. Buckman v. PeopleExpress, supra.
Thus, although the court could, if the facts of the case so warranted, order punitive damages under the CUTPA claim (Conn. Gen. Stat. § 42-110 (a), it does not believe the plaintiff is entitled to the economic and noneconomic damages which the jury awarded. Thus, the award of damages under Count Three should be set aside.
PLAINTIFF'S MOTIONS
Plaintiff claims counsel fees under the provisions of the Connecticut Unfair Trade Practices Act (Count Three). The facts in this case do not, in the court's opinion, justify an award of further punitive damages. "In order to award punitive or exemplary damages (under CUTPA) evidence must reveal a reckless indifference to the rights of others or an intentional and wanton violation of those rights. Collens v. New Canaan Water Co.,155 Conn. 477, 489. In fact, the flavor of the basic requirement to justify an award of punitive damages is described in terms of wanton and malicious injury, evil motive and violence." Garganov. Heyman, 203 Conn. 616, 622, quoting Triangle Sheet MetalWorks, Inc., 154 Conn. 116, 128; Venturi v. Savitt, Inc.,191 Conn. 588, 592 (1983). The court in its discretion does not find that the plaintiff proved wanton and malicious injury. Furthermore. he has already received a substantial award under Count One including attorneys fees. The court finds that he has been fairly compensated under Count One for his claimed injuries.
Plaintiff has also moved for interest in accordance with Connecticut General Statutes § 52-192a(b). The plaintiff filed an offer of judgment in the amount of $95,000 on July 22, 1997. This was not later than 18 months from the date the complaint in the civil action was filed with the court (March 6, CT Page 685 1996). Thus, in accordance with the statute he is entitled to 12% interest on the judgment from March 6, 1996.
Accordingly, judgment may enter for the plaintiff in the amount of $134,475.37 under Count One plus 12% annual interest from March 6, 1996. The award of $25,000 under Count Three is set aside, and the plaintiff's motion for counsel fees under Count Three is denied.
Judge Trial Referee Allen