ELIZABETH ATKIN *v.* ANDREW MARKO ET AL.
(AC 23776)

Foti, West and DiPentima, Js.

Argued February 19—officially released June 8, 2004

*Brenden P. Leydon,* for the appellant (plaintiff).

*Catherine S. Nietzel,* with whom, on the brief, was *Jeffrey N. Gaull,* for the appellees (defendants).

*Opinion*

DiPENTIMA, J. In this personal injury action, the plaintiff, Elizabeth Atkin, appeals from the judgment of the trial court rendered following a hearing in damages. On appeal, the plaintiff claims that the court improperly charged the jury on the issue of calculating future medical expenses. We disagree and affirm the judgment of the trial court.

The following facts and procedural history are relevant to the plaintiff's appeal. On May 8, 1999, a motor vehicle driven by the plaintiff was struck by a motor vehicle operated by the defendant Andrew Marko and owned by the defendant Leslie Bierman. The defendants admitted liability, and the case proceeded to the jury for a hearing in damages.

The plaintiff sought treatment from Maria Passaro, a physician, who testified regarding the plaintiff's injuries and treatment. Passaro testified that the plaintiff suffered permanent partial impairments as defined by the guidelines of the American Medical Association.[1] Passaro testified that future periodic care would most likely be necessary and that the plaintiff should undergo an electromyogram for further diagnostic testing.

Passaro further testified that the plaintiff was instructed in November, 1999, that she should return for treatment if her symptoms increased despite the

---

[1] Passaro offered the following testimony, in relevant part, regarding the plaintiff's injuries: "[The plaintiff] had a 9 percent permanent partial whole person impairment as it relates to the cervical spine as it relates to the neck. . . . [I]n terms of her knee . . . it's a mild impairment, but it does equate to a 4 percent whole person, 10 percent lower extremity impairment . . . ."

stretching exercises, use of heat and ice, and anti-inflammatory medication that were suggested to her. She testified, however, that the plaintiff did not return until October, 2002, one week prior to trial. There is no other reference to medical treatment in 2002 in the evidence before the jury. There is, however, evidence that the plaintiff submitted to an independent medical evaluation on December 4, 2001, from which Avi Weiner, a physician, concluded that "[the plaintiff] still has some symptoms that *might* be related to the accident" and "I give her at most a 2.5 percent disability." (Emphasis added.)

At the hearing in damages, the plaintiff requested the following jury charge: "In this case, there has been expert testimony presented to you that [the plaintiff] may require medical treatment in the future as a result of injuries caused by the defendants. Because future medical expenses do not require the same degree of certainty as past medical expenses, it is not speculation or conjecture to calculate future medical expenses that have accrued as of the trial date when there is a degree of medical probability that future medical expenses will be necessary. The cost and frequency of past medical treatment may be used as a yardstick of future expenses when it can be inferred that the plaintiff will continue to seek the same form of treatment in the future."

The court instructed the jury on future damages as follows: "You may . . . award [economic damages for] expenses you find it reasonably likely the plaintiff will incur in the future." The court also instructed that the jurors may evaluate for themselves "the testimony of [the] plaintiff and other fact witnesses, and determine the nature and duration of the injury and the likelihood of its continuation in the future."

"With regard to the permanency of the plaintiff's injuries, if you find that her injuries are permanent, then

you may award damages for past pain and suffering, disability and incapacity. You may award a sum of money for all damages that . . . in the future, with reasonable probability, will result during the remainder of her life. Even if you find that some or all of the injuries are not permanent, you may make such an allowance of general damages for future . . . pain, suffering and incapacity as you find reasonably supported by the evidence." The court also instructed the jury to "be careful to avoid resorting to sympathy, speculation, conjecture or guesswork—under the guise of relying on circumstantial evidence—in order to determine critical facts in the case."[2]

The plaintiff took an exception to the charge to the jury and argued that the "defendants' counsel's emphasis [that] any future economic award is based on speculation, I think reinforces the need for [the proposed charge] on future economic damages." The court noted the plaintiff's exception.

The jury returned a verdict in the amount of $11,000 in economic damages and $10,000 in noneconomic damages. The plaintiff filed a motion to set aside the verdict, which was denied by the court on December 19, 2002. This appeal followed. Additional facts will be set forth as necessary.

We first set forth the well established standard of review for a challenge to the propriety of a jury instruc-

[2] The parties were provided with a written copy of the charge. Discussion about the charge between the plaintiff's counsel and the court occurred, in relevant part:

"[The Plaintiff's Counsel]: The second paragraph, which is certainly appropriate.

"The Court: Yes.

"[The Plaintiff's Counsel]: Says you should be careful not to resort to speculation, conjecture or guesswork. I think my proposed charge, 'It is not speculation to base a future economic claim using the past medical expenses as a yardstick,' is really necessary because I think without that, [the jury] might believe what I am doing is speculation when I propose . . .

"The Court: Okay. What else did you want to bring to my attention?"

tion. "[J]ury instructions are to be read as a whole, and instructions claimed to be improper are read in the context of the entire charge. . . . A jury charge is to be considered from the standpoint of its effect on the jury in guiding it to a correct verdict. . . . The test to determine if a jury charge is proper is whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . [I]nstructions to the jury need not be in the precise language of a request. . . . Moreover, [j]ury instructions need not be exhaustive, perfect or technically accurate, so long as they are correct in law, adapted to the issues and sufficient for the guidance of the jury." (Internal quotation marks omitted.) *Matthiessen* v. *Vanech*, 266 Conn. 822, 831–32, 836 A.2d 394 (2003).

The plaintiff claims that the court improperly charged the jury on the issue of calculating medical expenses. Specifically, the plaintiff argues that the court should have included her request to charge and that in failing to do so, the court did not properly instruct the jury on calculating future medical expenses. The plaintiff asserts that her request to charge was particularly necessary because "(1) no expert opined a specific prediction as to estimated costs of future treatment; (2) the defendants argued that the plaintiff's suggested award for future treatment, which was based upon the prior treatment expenses, was pure speculation; [and] (3) the court specifically instructed the jury that [it] should be careful to avoid resorting to sympathy, speculation, conjecture or guesswork—under the guise of relying on circumstantial evidence—in order to determine critical facts in the case." We disagree.

"A request to charge [that] is relevant to the issues of [a] case and [that] is an accurate statement of the law must be given. . . . However, [i]nstructions to the jury need not be in the precise language of a request."

(Citation omitted; internal quotation marks omitted.) *Scanlon* v. *Connecticut Light & Power Co.*, 258 Conn. 436, 445–46, 782 A.2d 87 (2001). Moreover, "[a] refusal to charge in the exact words of a request will not constitute error if the requested charge is given in substance." (Internal quotation marks omitted.) *State* v. *Gant*, 231 Conn. 43, 47, 646 A.2d 835 (1994), cert. denied, 541 U.S. 1038, 115 S. Ct. 1404, 131 L. Ed. 2d 291 (1995); see also *Opotzner* v. *Bass*, 63 Conn. App. 555, 560–61, 777 A.2d 718, cert. denied, 257 Conn. 910, 782 A.2d 134 (2001), cert. denied, 259 Conn. 930, 793 A.2d 1086 (2002); *Rossi* v. *Stanback*, 36 Conn. App. 328, 332, 650 A.2d 920 (1994).

The plaintiff argues that *Marchetti* v. *Ramirez*, 240 Conn. 49, 688 A.2d 1325 (1997), is the applicable law on future medical damages and that the court failed to instruct the jury in accordance with that law. She specifically relies on the following language: "[I]t is not speculation or conjecture to calculate future medical expenses based upon the history of medical expenses that have accrued as of the trial date . . . ." (Internal quotation marks omitted.) Id., 55. We note, however, that the quoted language is limited by the following phrase: *"when there is also a degree of medical certainty that future medical expenses will be necessary."* (Emphasis in original; internal quotation marks omitted.) Id.; *Hamernick* v. *Bach*, 64 Conn. App. 160, 170, 779 A.2d 806 (2001) (quoting *Marchetti* for proposition that it is not speculation to calculate future medical expenses on basis of past medical expenses " *'when there is also a degree of medical certainty that future medical expenses will be necessary'* " [emphasis in original; internal quotation marks omitted]). The plaintiff further argues that *Marchetti* provides that "[f]uture medical expenses do not require the same degree of certainty as past medical expenses"; (internal quotation marks omitted) *Marchetti* v. *Ramirez*, supra, 55; and that the "cost and frequency of past medical treatment

. . . may be used as a yardstick for future expenses
. . . ." (Internal quotation marks omitted.) Id., 56. The
plaintiff's argument fails to take into consideration,
however, the importance of the qualifying language set
forth in *Marchetti* that the cost and frequency of past
medical treatment may be used as a yardstick of future
expenses "if it can be inferred that the plaintiff will
continue to seek the same form of treatment in the
future."[3] (Internal quotation marks omitted.) Id.; *Doe* v.
*Thames Valley Council for Community Action, Inc.*,
69 Conn. App. 850, 879, 797 A.2d 1146 (relevance of
past medical treatment confined to cases in which it
can be inferred plaintiff " 'will continue to seek the same
form of treatment in the future,' " quoting *Marchetti* v.
*Ramirez*, supra, 56), cert. denied, 261 Conn. 906, 804
A.2d 212 (2002).

The plaintiff correctly notes that the court must adapt
the law of *Marchetti* to the present case and provide
the jury with guidance in reaching the correct result.
See *Sevigny* v. *Dibble Hollow Condominium Assn.,
Inc.*, 76 Conn. App. 306, 312, 819 A.2d 844 (2003). Look-
ing at the charge in its entirety, we are not persuaded
that the court failed to provide the jury adequate guid-
ance to reach the right result. There was evidence that
although the plaintiff suffered a permanent injury and
future medical care likely would be necessary, she did
not seek medical treatment from November, 1999, to
October, 2002, one week prior to the trial.

The court instructed the jury that economic damages
include, but are not limited to "the cost of reasonable
medical care, chiropractic care, rehabilitation services,
X rays, [magnetic resonance imaging] and so on. With
respect to this case, it consists of medical bills in the
amount of $10,339.02. You may award these damages

---

[3] Although the plaintiff did not include that language in her brief, she did
include it in her proposed request to charge.

to the extent you find them to be reasonable, and to have been made necessary by the plaintiff's injuries caused by the accident. You may also award damages for such of said expenses you find it is reasonably likely the plaintiff will incur in the future." Instructions as to the consideration of future damages were given specifically in the context of consideration of proven past medical expenses. Moreover, the jury was instructed that the plaintiff "need not necessarily prove the permanency of her injuries by medical evidence," and that the jury may "determine the nature and duration of the injury and the likelihood of its continuation in the future." Although an instruction that included language from *Marchetti* and subsequent case law would have been appropriate and indeed preferable, we agree with the defendant that, taken in its entirety, the court's instructions provided sufficient guidance in assisting the jury on the issue of future medical expenses.

The judgment is affirmed.

In this opinion the other judges concurred.