DONALD SHEA *v.* MICHAEL DOHERTY ET AL.
(AC 25432)

Bishop, McLachlan and Harper, Js.

Argued June 2—officially released September 13, 2005

*Joseph A. La Bella*, with whom, on the brief, was *James F. Shields*, the appellants (defendants).

*William F. Gallagher*, with whom, on the brief, were *Hugh D. Hughes*, *Garrett M. Moore* and *Brian M. Flood*, for the appellee (plaintiff).

### Opinion

BISHOP, J. The defendants, Michael Doherty and O & G Industries, Inc. (O & G), appeal from the judgment of the trial court rendered in favor of the plaintiff, Donald Shea. On appeal, the defendants argue that the court improperly (1) excluded evidence showing the plaintiff's blood serum alcohol level and (2) charged the jury regarding credibility related to the plaintiff's alleged intoxication. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On April 28, 2000, the plaintiff, while riding a motorcycle, collided with an excavator driven by Doherty and owned by O & G. Prior to the collision, the plaintiff was traveling eastbound on Route 6 in Plymouth. The collision occurred while Doherty was turning off Route 6 into a driveway. The plaintiff suffered numerous injuries as a result of the collision and immediately went to the emergency department at Bristol Hospital. He filed an action against the defendants in 2002, alleging that Doherty was negligent in operating the excavator. The defendants answered the allegations and pleaded as a special defense that the plaintiff was contributorily negligent.

Prior to trial, the plaintiff filed a motion in limine, which sought to preclude, inter alia, hospital records containing his blood serum alcohol levels.[1] Specifically, the plaintiff sought to preclude a laboratory report and to redact portions of the emergency department report because the defendants did not have expert testimony to explain the meaning and significance of the terms utilized in the reports. The record reflects that the court granted the motion and precluded any reference to the plaintiff's blood serum alcohol level. At trial, the jury found in favor of the plaintiff and awarded him $692,318.92 in economic and noneconomic damages. Following the verdict, the defendants filed a motion to correct the trial record, asking the court to clarify its ruling on the plaintiff's motion in limine. The court granted the motion and stated: "There was a discussion in chambers regarding the issue of the blood alcohol level as to admissibility. This court indicated that this

---

[1] The record reflects that the parties refer to the test result as both a "blood serum alcohol" level and a "blood alcohol" level. During oral argument, the defendants' counsel agreed that the test was of the plaintiff's blood serum alcohol level and not his "blood alcohol content," as that phrase is defined in General Statutes § 14-227a.

evidence would be excluded absent further disclosure of case law to the contrary. The motion in limine was not argued on the record. Thus, the motion in limine was not ruled upon in open court." The defendants also filed motions for remittitur and to set aside the verdict and for a new trial, which the court denied. This appeal followed.

The defendants first claim that the court improperly precluded the evidence of the plaintiff's blood serum alcohol level. The defendants assert that the record confirms that "the measure of alcohol in [the plaintiff's] blood serum was 185 [milligrams] per deciliter at the time of the test." Neither the laboratory report nor an unredacted copy of the emergency department report, which allegedly contain that evidence, was marked for identification. Therefore, they are not part of the record on appeal.

"The duty to provide this court with a record adequate for review rests with the appellant. Practice Book § 61-10.[2] It is the responsibility of the appellant to provide an adequate record for review as provided in Section 61-10. . . . The appellant shall determine whether the entire trial court record is complete, correct and otherwise perfected for presentation on appeal. . . . Conclusions of the trial court cannot be reviewed where the appellant fails to establish through an adequate record that the trial court incorrectly applied the law or could not reasonably have concluded as it did. . . . The purpose of marking an exhibit for identification is to preserve it as part of the record and to provide an appellate court with a basis for review." (Citation

[2] Practice Book § 61-10 provides in relevant part: "It is the responsibility of the appellant to provide an adequate record for review. . . . For purposes of this section, the term 'record' is not limited to its meaning pursuant to Section 63-4 (a) (2), but includes all trial court decisions, documents and exhibits necessary and appropriate for appellate review of any claimed impropriety."

omitted; internal quotation marks omitted.) *Daigle* v. *Metropolitan Property & Casualty Ins. Co.*, 257 Conn. 359, 364, 777 A.2d 681 (2001). "In order to preserve a claim that an exhibit should have been admitted as a full exhibit, a party is required to have the exhibit marked for identification regardless of whether the offering party has it in his possession as long as it is reasonably apparent that the other party or a witness has it in his possession." *Kraus* v. *Newton*, 14 Conn. App. 561, 566, 542 A.2d 1163 (1988), aff'd, 211 Conn. 191, 558 A.2d 240 (1989).

We conclude that because the defendants did not offer either the laboratory report or an unredacted version of the emergency department report for identification purposes, the record is incomplete, and, therefore, we cannot properly review the defendants' first claim.[3]

The defendants next claim that the court improperly failed to charge the jury concerning the effect of the plaintiff's alcohol use on his credibility. Specifically, the defendants argue that the court's charge on credibility was inadequate because the court failed to instruct the jury separately regarding the effect of the plaintiff's alcohol consumption on his ability to accurately recall the events in question. We disagree.

"We first set forth the well established standard of review for a challenge to the propriety of a jury instruction. [J]ury instructions are to be read as a whole, and instructions claimed to be improper are read in the context of the entire charge. . . . A jury charge is to be considered from the standpoint of its effect on the jury in guiding it to a correct verdict. . . . The test to

---

[3] We additionally note that because this case purportedly involves evidence of a blood serum alcohol count and not a blood alcohol content count, it is distinguishable from *Coble* v. *Maloney*, 34 Conn. App. 655, 666 n.8, 643 A.2d 277 (1994) (blood alcohol content test results admissible without expert testimony because General Statutes § 14-227a defines "elevated blood alcohol content").

determine if a jury charge is proper is whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . [I]nstructions to the jury need not be in the precise language of a request. . . . Moreover, [j]ury instructions need not be exhaustive, perfect or technically accurate, so long as they are correct in law, adapted to the issues and sufficient for the guidance of the jury." (Internal quotation marks omitted.) *Atkin* v. *Marko*, 83 Conn. App. 279, 282–83, 849 A.2d 399 (2004).

The following facts and procedural history are relevant to our discussion of the defendants' claim. In their request to charge, the defendants requested the following charge: "The effect of alcohol consumption on a witness' ability accurately to observe and later to recall what was observed is common knowledge. Any resulting inference concerning the witness' testimony is within the ability of jurors, as laypersons, to draw based on their own common knowledge. The jury may, without the aid of expert testimony, use the consumption of alcohol as a basis on which to infer that a witness' ability to observe and recall accurately was impaired."

The court instructed the jury on the credibility of witnesses as follows: "Now, when you're weighing the evidence, you may use the test you ordinarily use in determining the truth of matters important to you in everyday life . . . . You just use your common sense. You should consider the demeanor of the witness on the stand, any interest which he may have in the outcome of the case, any bias or prejudice the witness may have for or against any party, what opportunity they had to observe, any reason that they might have to remember or to forget, the inherent probability of their story, its consistency or lack of consistency and whether or not their story is supported or contradicted by other credible witnesses.

"It is not the number of witnesses who testify, or the quantity of the evidence that counts, but the nature, quality and accuracy of the evidence that controls. You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified and every matter in evidence which tends to indicate whether the witness is worthy of belief. Consider each witness' intelligence, motive, state of mind, demeanor and manner while on the stand. Only you can say what testimony is to be believed and what testimony is to be rejected."

In analyzing the claim, we look to several settled principles regarding the completeness of a charge. "A request to charge [that] is relevant to the issues of [a] case and [that] is an accurate statement of the law must be given. . . . However, [i]nstructions to the jury need not be in the precise language of a request. . . . Moreover, [a] refusal to charge in the exact words of a request will not constitute error if the requested charge is given in substance." (Citation omitted; internal quotation marks omitted.) *Atkin* v. *Marko*, supra, 83 Conn. App. 283–84.

The court's instruction provided sufficient guidance for the jury to assess the credibility of the plaintiff. The plaintiff's alcohol consumption was undisputed. The plaintiff testified that he had consumed six to eight alcoholic beverages the previous night and the morning of the incident. The defendants argue that the court failed to instruct the jury specifically to consider the effect of alcohol on the plaintiff's ability to recall specific events leading to the accident. Although the court's instruction was not as specific as the defendants had requested, the court instructed the jury to consider, among other factors, whether anything could have affected the plaintiff's state of mind and his ability to recall the incident. On that basis, we conclude that the court's charge was proper because it was correct in

law and adequately relayed the substance of the charge sought by the defendants.

The judgment is affirmed.

In this opinion the other judges concurred.