PETER PASIAKOS *v.* BJ'S WHOLESALE
CLUB, INC., ET AL.
(AC 24072)

DiPentima, Gruendel and Dupont, Js.

Argued November 15, 2005—officially released February 7, 2006

*James H. Lee*, with whom, on the brief, was *Kirk A. Bennett*, for the appellant (plaintiff).

*James F. Biondo*, for the appellee (named defendant).

*James E. Coyne*, with whom, on the brief, was *Tyler M. Barhorst*, for the appellee (defendant Wildlife Control Services, LLC).

*Opinion*

GRUENDEL, J. The plaintiff, Peter Pasiakos, appeals from the judgment of the trial court, rendered after a jury trial, finding the defendants, BJ's Wholesale Club, Inc. (BJ's Wholesale Club), and Wildlife Control Services, LLC (Wildlife Control), responsible for injuries he incurred and awarding him $155,000 in damages.[1] On appeal, the plaintiff claims that the court abused its discretion by (1) not granting a continuance and (2) precluding introduction of evidence that he suffered a traumatic brain injury. We disagree and, accordingly, affirm the judgment of the trial court.

The plaintiff's claim arises out of an incident that occurred on March 14, 1999, at a BJ's Wholesale Club in Fairfield. The jury reasonably could have found that the plaintiff was injured when part of a bird netting apparatus,[2] installed by Wildlife Control in early 1999, fell from a shelving unit and struck the plaintiff in the head. Following that incident, the plaintiff commenced an action against the defendants, asserting that the negligence of both defendants contributed to his injuries.

Jury selection began on December 10, 2002, and ended on or about December 20, 2002. At the conclusion of jury selection, opening statements were scheduled for January 9, 2003. On January 6, 2003, and again the following day, the plaintiff disclosed to the defendants

---

[1] Pursuant to Practice Book § 63-4 (a) (1) (B), BJ's Wholesale Club, Inc., presented two additional issues for this court to consider in the event there is to be a new trial. Because we do not find the plaintiff's claims on the improper preclusion of evidence persuasive and therefore affirm the judgment of the trial court, we need not reach these additional claims.

[2] The apparatus consisted of nets supported by metal tubing to control an infestation of pigeons and other birds.

medical reports dated December 16, 2002, and January 6, 2003, regarding possible traumatic brain injury suffered by the plaintiff as a result of the incident.

On January 9, 2003, before opening statements began, the defendants orally made a motion in limine to preclude any evidence of brain injury. The court held that there could be no comment on brain injury during opening statements but did not exclude such testimony from coming into evidence at a later point. The trial then proceeded without further reference to brain injury until January 14, 2003. On that date, counsel were reviewing exhibits to be submitted to the jury. Wildlife Control moved that certain lines referencing treatment for brain impairment or damage be redacted from two otherwise admissible expert medical reports offered by the plaintiff. The court granted the motion to redact over the plaintiff's objection.

On January 22, 2003, the parties gave closing arguments, and the jury began deliberations. On January 23, 2003, the jury returned a verdict in favor of the plaintiff and awarded him $155,000 in damages. The jury found BJ's Wholesale Club 75 percent responsible and Wildlife Control 25 percent responsible for those damages. On January 31, 2003, the plaintiff filed a motion to set aside the verdict, based in part on the court's preclusion of the evidence of brain injury. The court denied the plaintiff's motion on February 27, 2003, and rendered judgment in favor of the plaintiff. This appeal followed.

On March 24, 2004, the plaintiff moved for articulation pursuant to Practice Book § 66-5. The court denied the motion after which the plaintiff sought review by this court. On May 13, 2004, this court granted the motion for review, but denied the relief requested, except as to ordering articulation of the basis for excluding evi-

dence of the plaintiff's brain injury.[3] The court articulated that it did not believe that it had prohibited the plaintiff from raising the issue of brain injuries either before or during the trial. The articulation further stated that, even if the court exercised its discretion by precluding evidence of a brain injury, such action would have been correct, as "the complaint did not contain [the] 'brain injuries' concept; that during the actual voir dire, the potential jurors were not questioned on 'brain injuries'; no discovery or depositions before the voir dire covered the issue; the question of late disclosure of experts arose [and] that the redaction of documents had to be considered."

I

The plaintiff first claims that the court abused its discretion by not granting a continuance to allow additional discovery and, therefore, denied him the opportunity to introduce evidence that he suffered a traumatic brain injury. The plaintiff, however, did not ask the court for a continuance at any time during trial. Our Supreme Court expressly has declined to impose on the trial courts the duty to order a continuance sua sponte. See *State* v. *Barrett*, 205 Conn. 437, 455, 534 A.2d 219 (1987). Absent a request for a continuance, the court reasonably could have assumed that the plaintiff was satisfied with proceeding with the trial at that time, and we cannot now speculate as to how the court would have responded to a timely request for a continuance. See *State* v. *Hoskie*, 74 Conn. App. 663, 673–74, 813 A.2d 136, cert. denied, 263 Conn. 904, 819 A.2d 837 (2003).[4]

---

[3] On October 28, 2004, the plaintiff filed a motion for further articulation as to the basis for the redaction of the exhibits on January 14, 2003. The trial court denied the plaintiff's motion for articulation on November 24, 2004. The plaintiff then filed a motion with this court for review of the denial. On January 19, 2005, this court granted the motion for review, but denied the relief sought therein.

[4] At oral argument the plaintiff claimed that it was the responsibility of the defendants to seek a continuance. "A continuance serves to minimize

## II

The plaintiff next claims that the court abused its discretion in denying him the opportunity to present evidence of traumatic brain injury. Specifically, he argues that the reasons given by the court in its articulation for precluding the evidence did not support the action taken.

"The standard of review we apply to a trial court's evidentiary rulings is well settled. Such rulings are entitled to great deference. . . . The trial court is given broad latitude in ruling on the admissibility of evidence, and we will not disturb such a ruling unless it is shown that the ruling amounted to an abuse of discretion. . . . Even when a trial court's evidentiary ruling is deemed to be improper, we must determine whether that ruling was so harmful as to require a new trial. . . . In other words, an evidentiary ruling will result in a new trial only if the ruling was both wrong and harmful." (Internal quotation marks omitted.) *Dockter* v. *Slowik*, 91 Conn. App. 448, 465–67, 881 A.2d 479, cert. denied, 276 Conn. 919, 888 A.2d 87 (2005).

We begin by examining the scope of the court's first evidentiary ruling, on the defendants' motion in limine prior to opening statements. Prior to the start of opening statements, the defendants jointly made a motion in limine to preclude introduction of evidence of brain injury because, among other reasons, the complaint made no claim to which such evidence would be relevant. The court's ruling stated: "I do not want any men-

the possibly prejudicial effect of a late disclosure and absent such a request by the party claiming to have been thus prejudiced, appellate review of a late disclosure claim is not warranted." *Rullo* v. *General Motors Corp.*, 208 Conn. 74, 79, 543 A.2d 279 (1988). The burden on the prejudiced parties, the defendants, is to seek a continuance to protect their own late disclosure claim on appeal, should they so desire. The burden remains with the plaintiff to seek a continuance, if necessary, to prepare his case or to introduce the late disclosed evidence.

tion of brain injury before the jury unless I allow that avenue to start to be opened, which I think most likely I will not." The court continued: "I have some new concept coming in of physical brain injury, which I don't know without reading all the reports to be able to make an intelligent decision as to precisely limit it, so what I'm doing is keeping brain injury, the concept of brain injury, out of the presence of the jury until such time as I can get a—you folks build a foundation, at which time then I have a right to reasonably exercise my discretion to go one way or the other." The court clarified that ruling in its articulation, stating: "It was not my intention nor do I believe that I prohibited the plaintiff's attorney from raising the issue of 'brain injuries' in accordance with our rules of evidence either before or during the trial." It further stated: "Up to [the time jurors were brought in], I had only held back from allowing 'brain injuries' to be mentioned in the opening statements; I reserved my right to either allow or disallow, depending on the record that was developed during the trial. I believe that the plaintiff's counsel, at the appropriate time during this case, would have requested the jury to be excused and developed the record so that I could make a proper ruling either to let the issue of 'brain injuries' become part of the claim for damages or keep it out. Since that event, to my knowledge, never occurred, no foundation was made during the trial that would have allowed a ruling either in or out." We agree that the court's ruling on the motion in limine precluded only the mention of brain injuries during opening statements and did not prevent the plaintiff from properly introducing such evidence at a later point during the trial or amending his complaint to allege that he had incurred brain injury. We note that the plaintiff did neither.

"[W]hen raising evidentiary issues on appeal, all briefs should identify clearly what evidence was

excluded or admitted, where the trial counsel objected and preserved his rights and why there was error." (Internal quotation marks omitted.) *Florian* v. *Lenge*, 91 Conn. App. 268, 287, 880 A.2d 985 (2005). The plaintiff's brief does not reference any attempt to introduce evidence of brain injury during the course of trial.[5] Moreover, the court, in its articulation, noted that it did not recall any instance in which an attempt to introduce such evidence was made so as to require the court to exercise its discretion. When no evidence actually has been either excluded or admitted, we cannot conclude that there is an appealable evidentiary ruling. Accordingly, the plaintiff's argument that he was prevented from introducing evidence of brain injuries during the course of trial is not persuasive.

We now turn to the first instance in which evidence of brain injury actually was precluded, the opening statements. Practice Book § 15-6 grants counsel for any party permission to make a brief opening statement to the jury, but provides that the presiding judge retains "discretion as to the latitude of the statements of counsel." The court did not abuse its discretion, on the first day of evidence, in preventing the plaintiff from mentioning the alleged brain injury in opening statements when the proposed evidence referred to an injury that was not alleged in the complaint and that had been disclosed after jury selection was completed.

We finally look at the court's ruling redacting from two otherwise admissible medical reports references to the plaintiff's alleged brain injury. "[E]vidence is admissible to prove a material fact that is relevant to the cause of action alleged by the plaintiff." (Internal quotation marks omitted.) *Opotzner* v. *Bass*, 63 Conn.

[5] The plaintiff merely claims that on January 21, 2003, off the record, at the charge conference, the two medical reports disclosed on January 6 and 7, 2003, were marked for identification.

App. 555, 568, 777 A.2d 718, cert. denied, 257 Conn. 910, 782 A.2d 134 (2001), 259 Conn. 930, 793 A.2d 1086 (2002); see Conn. Code Evid. § 4-2. We look to the amended complaint of January 21, 2003,[6] which frames the plaintiff's alleged injuries in terms of physical injury to the neck and spine, but makes no mention of any injury to the brain.[7] The plaintiff attempts to characterize the alleged traumatic brain injury as a mere technical variance on the injuries that actually were pleaded.[8] "In making discretionary evidentiary rulings, the court is charged with doing what is right and equitable under the circumstances and the law . . . ." (Internal quotation marks omitted.) Id. We cannot conclude that the court abused its discretion by eliminating evidence that involved injuries that were not alleged in the plaintiff's complaint. Accordingly, the court did not abuse its discretion in ordering that references to brain injury be redacted from the otherwise admissible medical reports.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[6] The amended complaint added claims of "post-traumatic depression" and "cervical facet syndrome." We note that the amended complaint, submitted during the course of trial, did not add any claim of brain injury.

[7] Specifically, the plaintiff alleged that he suffered from the following injuries: "persistent headaches," "pain and muscle spasms of the neck," "myofacial pain," "cervical radiculapathy," "insomnia," "limitation of movement of the head, neck, shoulders and arms," "right side sciatica," "central disc herniation," "cervical strain and sprain," "post-traumatic depression" and "cervical facet syndrome."

[8] See *Marciniak* v. *Wauregan Mills, Inc.*, 139 Conn. 264, 93 A.2d 135 (1952); *Marchetti* v. *Ramirez*, 40 Conn. App. 740, 673 A.2d 567 (1996), aff'd, 240 Conn. 49, 688 A.2d 1325 (1997). We note, however, that those cases involved treatment of additional cervical disc problems in cases in which cervical injury already had been alleged.