ELECTRICAL WHOLESALERS, INC. *v.* V.P.
ELECTRIC, INC., ET AL.
(AC 32466)

Robinson, Alvord and Espinosa, Js.

Argued October 27, 2011—officially released January 10, 2012

*Timothy J. Lee*, for the appellants (defendants).

*Charles I. Miller*, for the appellee (plaintiff).

*Opinion*

ALVORD, J. The defendants, V.P. Electric, Inc. (V.P. Electric), and Victor Pietrandrea, appeal from the judgment of the trial court awarding the plaintiff, Electrical Wholesalers, Inc., attorney's fees in the amount of $43,640.[1] The defendants claim that the trial court (1) improperly awarded attorney's fees without providing the defendants with a meaningful hearing and (2) abused its discretion by awarding unreasonable attorney's fees to the plaintiff.[2] We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the defendants' appeal. The plaintiff entered into a purchase and credit agreement with V.P. Electric

---

[1] The court also awarded costs in the amount of $6401.77, but the defendants do not contest that award.

[2] The defendants make two additional arguments in their brief. First, they claim that their obligation to pay should have been based on their purchase under the purchase and credit agreement. They argue that, because there was a dispute as to whether a purchase was ever made, the plaintiff is not entitled to fees. Second, the defendants claim that attorney's fees, if at all, should be allocated in proportion to the amount allowed under the purchase and credit agreement. Because these claims were not argued before the trial court, we decline to review them here. *Remillard* v. *Remillard*, 297 Conn. 345, 351–52, 999 A.2d 713 (2010).

on March 5, 2008. The agreement was personally guaranteed by Pietrandrea. Under the express terms of the agreement, the plaintiff was entitled to service charges and reasonable attorney's fees in the event that it was necessary for the plaintiff to bring a legal action to collect a debt.

On April 16, 2008, the plaintiff entered a quotation into its computer system at the request of V.P. Electric for an order of copper wire to be delivered to Pratt & Whitney. On May 21, 2008, the quotation converted into a wire order. The wire order was delivered on May 27, 2008, and was off-loaded by Dennis Belisle, the driver of the delivery vehicle, and Christopher Paturzo, an employee of V.P. Electric. The driver's record of the delivery was signed by Belisle and a forklift operator who had removed the wire order from the delivery vehicle. Paturzo printed and signed his name on the driver's delivery form, accepting the wire order on behalf of V.P. Electric. The plaintiff issued an invoice for the wire order to V.P. Electric on or about May 30, 2008, in the amount of $51,108.75. V.P. Electric disputed placing and receiving the order.

The plaintiff served its complaint alleging breach of contract on November 20, 2008. A bench trial took place on November 18, 19, and December 2, 3, 8, and 9, 2009. In its memorandum of decision, dated May 5, 2010, the court rendered judgment in favor of the plaintiff finding that the purchase and credit agreement specifically allowed for service charges at the rate of 18 percent per annum on V.P. Electric's unpaid bills as well as payment of all costs and collections to the plaintiff including attorney's fees. The court found that Pietrandrea personally guaranteed the obligations of V.P. Electric. The court awarded damages to the plaintiff of $51,284.75, in addition to service charges calculated through the date of judgment in accordance with the purchase and credit agreement.

As directed, the parties returned to court on June 15, 2010, for the court's determination on the issue of attorney's fees. The court made the following findings in its memorandum of decision, dated June 25, 2010, granting attorney's fees in the amount of $43,640 to the plaintiff: "Attorney [Charles I.] Miller, counsel for the plaintiff, has submitted an affidavit and a very detailed time sheet, which the court has examined in detail. The court finds the fees outlined in this affidavit and time sheet to be appropriate to the nature of the work conducted by attorney Miller and to be reasonably necessary to effectively represent the plaintiff in this action, and the hourly rate charged throughout is fair, reasonable and appropriate." This appeal followed.

I

The defendants first claim that the court failed to provide them with a meaningful hearing before awarding attorney's fees to the plaintiff. The defendants argue that the plaintiff's counsel waited until the evening before the hearing to submit his supporting documents, leaving the defendants with insufficient time to properly examine the documents and contest them at the hearing. The defendants concede that they failed to request a continuance but argue on appeal that the court should have continued the proceedings sua sponte. We disagree.

"Our Supreme Court expressly has declined to impose on the trial courts the duty to order a continuance sua sponte. . . . Absent a request for a continuance, the court reasonably could have assumed that the plaintiff was satisfied with proceeding with the trial at that time, and we cannot now speculate as to how the court would have responded to a timely request for a continuance." (Citation omitted.) *Pasiakos* v. *BJ's Wholesale Club, Inc.*, 93 Conn. App. 641, 645, 889 A.2d 916, cert. denied, 277 Conn. 929, 896 A.2d 101 (2006). "A

continuance serves to minimize the possibly prejudicial effect of a late disclosure and absent such a request by the party claiming to have been thus prejudiced, appellate review of a late disclosure claim is not warranted. *Rullo* v. *General Motors Corp.*, 208 Conn. 74, 79, 543 A.2d 279 (1988). The burden on the prejudiced parties, the defendants, is to seek a continuance to protect their own late disclosure claim on appeal, should they so desire." (Internal quotation marks omitted.) *Pasiakos* v. *BJ's Wholesale Club, Inc.*, supra, 645 n.4.

Although it is true that the plaintiff's counsel submitted a lengthy affidavit the day before the hearing, the defendants conceded at oral argument before this court that they did not request a continuance in order to extend their time to examine the plaintiff's documentation and to prepare their challenge.[3] It was the defendants' duty alone to request additional time from the court to review the documents.[4] Therefore, the defendants' argument is without merit.

---

[3] At the hearing on attorney's fees, counsel for the defendants stated: "I'm not in a position, as I stand here today, to go through each itemization and each billing expense to determine whether the 2.5 hours he spent for this phone conversation was reasonable in relation to the services he's provided. It's, you know, forty-five pages long. I got it last night, so I'm not in a position to say that this hour is reasonable or that hour was not unreasonable. However, I would note that there are 220 hours of legal services—hours that's he's claiming. That does seem excessive in a case which is more or less a collection matter."

The following exchange also took place:

"[The Defendants' Counsel]: So, all told, Your Honor, without being able to have the time to go through each itemization in the time entries, I would just say that the general—the fees sought are extremely high in relation to the amount that was at issue in this case.

"The Court: Anything else?

"[The Defendants' Counsel]: No, Your Honor."

[4] Additionally, ten days passed between the hearing and the issuance of the court's memorandum of decision awarding attorney's fees to the plaintiff, during which time counsel could have filed a written objection to the plaintiff's motion for attorney's fees, but failed to so do.

## II

The defendants next claim that the court abused its discretion in awarding unreasonable attorney's fees to the plaintiff.[5] We disagree.

"No one can state the reasonable value of legal services as a fact. He can only express his opinion. The value is based upon many considerations. *Hoenig* v. *Lubetkin*, 137 Conn. 516, 524, 79 A.2d 278 (1951). A court has few duties of a more delicate nature than that of fixing counsel fees. The degree of delicacy increases when the matter becomes one of review on appeal. The principle of law, which is easy to state but difficult at times to apply, is that only in case of a clear abuse of discretion by the trier may we interfere. . . . The trier is always in a more advantageous position to evaluate the services of counsel than are we. (Citations omitted.) Id., 525." (Internal quotation marks omitted.) *Murtha* v. *Hartford*, 303 Conn. 1, 14, 35 A.3d 177 (2011).

After careful review of the very detailed documentation supplied by attorney Miller, the court determined that the fees requested were appropriate to the work performed and that the rate charged was fair, reasonable, and appropriate. Based on these findings, we cannot conclude that the court's award of attorney's fees to the plaintiff was unreasonable, and the defendants have made no showing to the contrary.

---

[5] "The general rule of law known as the American rule is that attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception. . . . This rule is generally followed throughout the country. . . . Connecticut adheres to the American rule. . . . There are few exceptions. For example, a specific contractual term may provide for the recovery of attorney's fees and costs . . . or a statute may confer such rights." (Internal quotation marks omitted.) *ACMAT Corp.* v. *Greater New York Mutual Ins. Co.*, 282 Conn. 576, 582, 923 A.2d 697 (2007). The court found that the purchase and credit agreement provided for attorney's fees in the event that the plaintiff required collection of the defendants' debt.

The defendants argue, however, that the court abused its discretion by failing to utilize the *Johnson* test for attorney's fees. *Johnson* v. *Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), abrogated on other grounds, *Blanchard* v. *Bergeron*, 489 U.S. 87, 92–93, 109 S. Ct. 939, 103 L. Ed. 2d 67 (1989). The defendants' argument fails. The *Johnson* guidelines were designed to assist trial courts in awarding attorney's fees to individuals filing actions under the Civil Rights Act of 1964 in order to "enable litigants to obtain competent counsel worthy of a contest with the caliber of counsel available to their opposition and to fairly place the economical burden of Title VII litigation." *Johnson* v. *Georgia Highway Express, Inc.*, supra, 719. The test, however, has fallen out of favor even for such cases. *Perdue* v. *Kenny A.*, 559 U.S. 542, 550–52, 130 S. Ct. 1662, 176 L. Ed. 2d 494 (2010).

In Connecticut, the *Johnson* test has been applied exclusively in awarding attorney's fees for individuals filing actions under the Connecticut Unfair Trade Practices Act (CUTPA).[6] See *MedValUSA Health Programs, Inc.* v. *MemberWorks, Inc.*, 109 Conn. App. 308, 313 n.2, 951 A.2d 26 (2008). "The guidelines set forth in *Johnson* for calculating reasonable attorney's fees are appropriate in CUTPA litigation because, similar to Title VII, CUTPA seeks to create a climate in which private litigants help to enforce the ban on unfair or deceptive trade practices or acts." (Internal quotation marks omitted.) *Steiger* v. *J. S. Builders, Inc.*, 39 Conn. App. 32, 39, 663 A.2d 432 (1995).

The present case involves a contract dispute between two similarly situated businesses, not an action brought pursuant to a statute specifically enacted to assist private litigants who might otherwise be unable to enforce their rights. We fail to see how this is an appropriate

---

[6] See General Statutes § 42-110g.

case in which to apply the *Johnson* guidelines as envisioned by the United States Court of Appeals for the Fifth Circuit or by Connecticut courts. Therefore, we conclude that the court did not abuse its discretion.

The judgment is affirmed.

In this opinion the other judges concurred.