13-1480-cv
Wifiland, LLP v. R.V.C., Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of May, two thousand fourteen.

PRESENT:  JOHN M. WALKER, JR.,
          DENNY CHIN,
          CHRISTOPHER F. DRONEY,
                Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - - - -x

WIFILAND, LLP, d/b/a WIFIRV,
                Plaintiff-Appellant,

                -v-                                    13-1480-cv

R.V.C., INC., d/b/a RIVERVIEW CAMPGROUND
AND CANOE LIVERY,
                Defendant-Appellee,

RIVER VIEW CAMPGROUND,
                Defendant.*

- - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:      CHRISTOPHER G. WINANS, Christopher
                              G. Winans, P.C., Danbury,
                              Connecticut.

FOR DEFENDANTS-APPELLEES:     DAVID A. REIF (James E. Regan on
                              the brief), McCarter & English,
                              LLP, Hartford, Connecticut.

---

* The Clerk of the Court is directed to amend the official caption as noted above.

Appeal from the United States District Court for the District of Connecticut (Wilson, _J._).[1]

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the amended judgment of the district court is **AFFIRMED** and the case is **REMANDED** for calculation of attorneys' fees to be awarded to defendant-appellee.

Plaintiff-appellant Wifiland, LLP ("Wifiland") appeals from the district court's amended judgment entered April 3, 2013, dismissing its complaint and awarding attorneys' fees to defendant-appellee R.V.C., Inc. ("RVC"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On August 18, 2010, Wifiland filed this action in Connecticut state court, alleging breach of contract and breach of the implied covenant of good faith and fair dealing, in connection with an agreement (the "Agreement") whereby Wifiland agreed to provide a wireless Internet system for RVC to self-install in its recreational vehicle park. The Agreement required Wifiland to provide certain services in connection with the installation, and it also contained a provision awarding reasonable attorneys' fees and costs to the prevailing party in the event of litigation. On August 17, 2011, RVC removed the

---

[1] Hon. Billy Roy Wilson, United States District Judge for the Eastern District of Arkansas, sitting by designation.

case to federal court.  The case was tried to the court, without a jury, beginning on February 25, 2013.

After calling only one witness -- John Borg -- Wifiland rested.  Following a brief recess, the district court issued a bench ruling in favor of RVC and against Wifiland.  On March 15, 2013, the district court filed written findings of fact and conclusions of law, concluding that Wifiland had not proven that RVC breached the Agreement or the implied covenant of good faith and fair dealing.

On March 29, 2013, the district court issued an order granting RVC's motion for attorneys' fees, allowing fees of $112,222.50 and costs of $2,907.27 (RVC had requested $189,517.15 and costs of $2,907.27).  An amended judgment was entered April 3, 2013.

This appeal followed.  Wifiland argues that the district court erred in finding that it had failed to prove its claims and in awarding attorneys' fees of $112,222.50.

1.    **The Merits**

On appeal from a judgment entered following a nonjury trial, "[w]e review the district court's findings of fact for clear error and its conclusions of law de novo."  MacDraw, Inc. v. CIT Group Equip. Fin., Inc., 157 F.3d 956, 960 (2d Cir. 1998). "A factual finding is clearly erroneous only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  United States v.

_Oehne_, 698 F.3d 119, 121 (2d Cir. 2012) (internal quotation marks omitted).  Where the district court's factual "findings are based on credibility determinations," we are required to give even "greater deference" to the district court.  _United States v. Isiofia_, 370 F.3d 226, 232 (2d Cir. 2004).

Here, the district court concluded that Wifiland had not met its burden of proof.  We are not persuaded that it erred in doing so.  The district court's conclusions that RVC met its contractual obligations by properly installing the system and that the flaws in the system's operation resulted from Wifiland's failures were not clearly erroneous.  See _Oehne_, 698 F.3d at 121; _MacDraw_, 157 F.3d at 960.  Indeed, Wifiland does not challenge the district court's findings and even relies on them in its brief.  While it contends that the district court misapplied Connecticut law in concluding that Wifiland lacked "good faith," the district court's conclusions that Wifiland was unwilling to provide the support it was contractually required to give were amply supported by the evidence.

Finally, we note that while Wifiland repeatedly complains that the district court heard no testimony from RVC's witnesses, Wifiland had the right to call RVC's representatives to the stand, but it did not do so.

2.  **Attorneys' Fees**

On appeal, Wifiland does not dispute that, as the prevailing party below, RVC is entitled to attorneys' fees

pursuant to the Agreement. Rather, Wifiland argues that the court misapplied the law and in turn granted an excessive attorneys' fee award. Wifiland's arguments fail.

We review a district court's award of attorneys' fees for abuse of discretion, and we will reverse only if the decision rested on an error of law or a clearly erroneous finding of fact, or was not otherwise "'within the range of permissible decisions.'" McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 416 (2d Cir. 2010) (quoting Kickham Hanley P.C. v. Kodak Ret. Income Plan, 558 F.3d 204, 209 (2d Cir. 2009)). Our review of fee decisions is especially deferential because the district court "'is intimately [more] familiar with the nuances of the case, [and thus] is in a far better position to make [such] decisions.'" Goldberger v. Integrated Res., Inc., 209 F.3d 43, 48 (2d Cir. 2000) (quoting In re Bolar Pharm. Co. Sec. Litig., 966 F.2d 731, 732 (2d Cir. 1992) (per curiam) (third alteration in original)).

Wifiland contends that the district court failed to apply the test set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). This argument lacks merit. Connecticut courts have adopted the Johnson test for attorneys' fees, but limit its application to statutory claims. Elec. Wholesalers, Inc. v. V.P. Elec., Inc., 132 Conn. App. 843, 849-50, cert. denied, 303 Conn. 939 (2012) (holding that Johnson test applies exclusively to actions brought pursuant to a

-5-

statute, not to "contract dispute[s] between two similarly situated businesses"). Johnson, therefore, does not apply here.

Nor do we identify any abuse of discretion in the district court's fee calculation. The district court properly exercised its discretion in its lodestar calculation, see Land Group, Inc. v. Palmieri, 123 Conn. App. 84, 98 (2010), and in applying an across-the-board reduction to RVC's compensable hours, see Metcoff v. NCT Group, Inc., 52 Conn. Supp. 363, 377 (Super. Ct. 2011) (citing Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998)).

RVC also requests attorneys' fees and costs for this appeal. We conclude that an award of appellate attorneys' fees and costs is appropriate here. See Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC, 497 F.3d 133, 143-44 (2d Cir. 2007); Daque v. City of Burlington, 976 F.2d 801, 803-05 (2d Cir. 1992); Total Recycling Servs. Of Ct., Inc. v. Connecticut Oil Recycling Servs., LLC, 308 Conn. 312, 337 (2013) ("We . . . will construe an attorney's fees provision that is silent with respect to appellate attorney's fees as encompassing such fees in the absence of contractual language to the contrary.").

* * *

Accordingly, the judgment of the district court is hereby **AFFIRMED**.  We **REMAND** for the district court to determine RVC's reasonable attorneys' fees and costs for defending this appeal and for the entry of a supplemental judgment in that amount.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk